GAVEN B. DUNCAN *et al.,* Plaintiffs in Error, *v.* WILLIAM H. DUNCAN, Defendant in Error.

ERROR TO ADAMS.

When a codicil to a will is written on the same paper as the will, or *unmistakably* refers to it, proof of the codicil is sufficient to establish such portions of the will as are not thereby revoked.

Parties in interest may contest the validity of a will before the probate court, as well as by bill in chancery, and should be allowed to examine the attesting witnesses.

THIS case was tried before SIBLEY, Judge.

BROWNING & BUSHNELL, for Plaintiffs in Error.

WHEAT & GROVER, for Defendant in Error.

WALKER, J. The question which we propose first to consider, is, whether the proof of a codicil written upon the same paper, and referring to the will, when proved, is a sufficient authentication, to give effect to such portions of a will as are not revoked by the codicil. In the case of *Haven* v. *Foster,* 14 Pick. 534, it is held that the proof of such a codicil establishes the will, and the court say that "Whatever may have been the difference of opinion amongst eminent judges, in regard to the correctness of the rule in question, we consider it well settled upon satisfactory authorities, commencing with the case of *Acherly* v. *Vernon,* and recognized and confirmed by a series of modern decisions, both in England and this country. Without going into a detailed statement of the cases, we shall briefly refer to some of the leading ones on the subject. *Acherly* v. *Vernon,* Comyn's R. 381; S. C. 10 Mod. 518; *Potter* v. *Potter,* 1 Ves. Sr. 438; *Barnes* v. *Crane,* 1 Ves. Jr. 486; *Piggot* v. *Waller,* 7 Ves. 98; *Rowley* v. *Eyton,* 2 Merivale, 117; *Goodtitle* v. *Meridith,* 2 Maul. & Sel. 5; *Guest* v. *Willasey,* 2 Bing. 429; *Moores* v. *White,* 6 J. Ch. R. 375; *Brumell* v. *Dewolf,* 3 Mason, 486; *Miles* v. *Raydon,* 3 Pick. 216; *Bowers* v. *Bowers,* 2 Bos. & Pull. 500. We think the rule settled by the authorities to be this, that *prima facie,* the execution of a codicil to a will of lands, so executed itself as to be capable, within the statute, of passing lands, is a republication of the original will; and this is more especially and unequivocally the case, when the codicil contains words declaring and confirming the original will to be in force, either in whole or in part, so far as it is not altered or revoked; that the effect of such republication is, to make the will operate in the same manner, as if executed at the time of such republication, unless a special intent is manifest in the codicil to restrain such operation, and give it less effect."

In the case of *Moores* v. *White,* 6 J. Ch. R. 360, the court say, "The codicil was indorsed and written on the back of the original will, and I see no reason why the codicil, executed with all the solemnities required by the statute, was not a republication of the will, so as to give effect to the devise to the parties to this suit, equally, as if they had been expressly mentioned in the codicil." In the case of *Murry* v. *Oliver,* 6 Iredell's Eq. R. 55, the court say, Whatever doubts may have existed, it is unquestionably settled, that adding a codicil brings the will to it, and makes it a will from the time of executing the codicil. Lovelace on Wills, lays down the same doctrine as is announced by these decisions. And Jarman, in his treatise on Wills, lays down the same rule as the settled law. While the rule is most clearly settled that when the codicil is written on

the same paper, or on separate papers, and the codicil clearly and unmistakably refers to the will so as to preclude all doubt of its identity, the proof of the codicil establishes the will without further proof. But when they are written on separate papers, and the reference to the will is left in doubt or uncertainty, or when no sufficient reference to identify the will is made, a different rule would doubtless prevail. When the codicil is written on the same paper or clearly refers to and identifies the will, no reason is perceived why the proof of the codicil should not establish the will. When that has been done, the requirements of the statute and its object has been fully accomplished ; all fraud is prevented as effectually as if the will itself was proved by subscribing witnesses.

This codicil refers to, and makes the will a part of itself. The preceding will being on the same piece of paper, the proof of the due execution of the codicil necessarily gives effect to the whole paper consisting of the two parts, constituting together one will. The republication of this will, by the execution and attestation of the codicil, comes within all of the authorities above referred to, and we can have no hesitation in saying, that until the evidence of the subscribing witnesses to the codicil was rebutted, the proof of the will and codicil was amply sufficient.

But it is urged, and we think not without reason, that the plaintiffs in error should have been permitted to rebut the evidence of its execution by other proofs. The statute of wills, we think, does not prevent those having an interest in the estate, to be affected by the will, from contesting its validity and due execution in the probate court. The 35th section of the act provides, that during any contest, in relation to the probate of any will, testament or codicil, before the same shall be recorded, or until a will which may have once existed, but has been cancelled or destroyed, shall be established, and the substance of the same committed to record, the court of probate may appoint an administrator to collect and preserve the estate until probate of the will is made. The second section provides for the mode in which the will, testament or codicil shall be proven by the attesting witnesses, and when so proven, that the instrument shall be admitted to record by the probate court, unless fraud, compulsion, or other improper conduct in its execution is shown, which, in the opinion of the probate court, is sufficient to invalidate the instrument. It is true that the sixth section provides, that any party in interest, may at any time, within five years after the will is admitted to record, file a bill in chancery and contest the validity of the same, in the manner there prescribed.

From these several provisions, when considered together, it is apparent that the legislature designed to permit parties in inter-

est, to contest the validity of the will, testament or codicil as well in the probate court as by a bill in chancery. It could not have been the intention to confine it to the latter mode, or the provisions of the second and thirty-fifth sections would not have been adopted, but the design must have been to authorize both modes. The plaintiffs in error, then, had the right to introduce evidence to invalidate the will in this case, and in doing so, we can perceive no reason why they might not examine the witnesses who had attested the will, as well as others.

For these reasons, the judgment of the court below is reversed and the case remanded.

*Judgment reversed.*