THE PEOPLE *ex rel.* Eureka C. Storey

*v.*

JOSHUA C. KNICKERBOCKER, Probate Judge.

*Filed at Springfield September 23, 1885.*

1. PROBATE OF WILL—*within· what time—the statute construed as to probate "without delay."* The statute requiring the court to receive the probate of wills "without delay," is not to be construed so literally as to make it the duty of the court to proceed immediately in the probate of a will when presented. Its meaning is no more than that the court shall proceed without unreasonable delay.

2. SAME—*discretion of court as to time of hearing proof of will.* The probate court is invested with a reasonable discretion as to advancing or postponing cases, and may properly, in the exercise of such discretion, during the pendency of an appeal from its order refusing the probate of a paper purporting to be a last will, stay and postpone the hearing of an application to probate another paper of a prior date claimed as the will of the same person; and the exercise of such discretion, when not abused, will not be interfered with by *mandamus.* In such case the good faith of the party appealing from the order refusing probate is not a matter of inquiry.

3. SAME—*probate of will as a judicial act.* Under the present legislation, the probate court exercises a judicial, and not a mere ministerial, power, in the probating of a will, or in granting a motion for a postponement of the hearing of an application to admit a will to probate.

4. MANDAMUS—*as to matters involving discretion—of time of receiving probate of a will.* Where the exercise of a discretion is involved, a writ of *mandamus* will not be allowed against an inferior court or tribunal. So the discretion of the county or probate court as to the time it will receive probate of a will, or which of two papers purporting to be the wills of the same person, shall be passed upon first, will not be interfered with by this writ.

This was a petition in this court for a writ of *mandamus*, against the judge of the probate court of Cook county.

This is a petition for a *mandamus*, to the judge of the probate court of Cook county. An answer has been filed to the petition, to which the relatrix has interposed a demurrer. The facts appearing are, in brief, that the relatrix is the widow of Wilbur F Storey, deceased, late of the city of Chicago, who died on October 27, 1884, without issue, leaving Anson L. Storey, his brother, Mary E. Farrand, his sister, Mary E. Anderson and Edward P. Chapin, his niece and nephew, respectively, children of a deceased sister, his only next of kin. As is stated in the petition, he left a large estate, consisting of real estate in Cook county, improved, unimproved and in process of improvement, of the value of about $490,000, and the newspaper establishment from which is published the "Chicago Times," valued at $1,000,000, besides other personal property of small value, there being upon the real estate mortgages to the amount of $228,000, and debts of the estate in addition, amounting to $100,000.

The deceased left two writings, each of which purports to be his last will and testament. One bears date February 1, 1881, the other August 16, 1879. The former will was deposited in the probate court of Cook county on November 5, 1884. By this will of 1881, the relatrix is appointed sole executrix, without bonds, and as such is given authority to manage such estate, and to continue the publication of the "Chicago Times" until she shall find it practicable to make an advantageous sale thereof. The will further directs that the relatrix should, during her natural life or until her remarriage, have the use or interest of all the estate, or so much thereof as in her judgment she should need for her support and maintenance. When, however, the annual income of the estate shall be $12,000 or more, she is directed to pay to both said Mary E. Farrand and Anson L. Storey,

during his or her natural life, the sum of $1000 per annum. The will further directs that the income of the estate in excess of the amount so used by her for her support and maintenance, and to pay the above legacies, should be added to the *corpus* of the estate, which should, upon the relatrix's death or remarriage, descend to Mr. Storey's legal heirs. The relatrix is also empowered, as executrix, to sell or mortgage any part of the estate to pay debts, and is directed as soon as practicable to convert all the estate into interest-bearing securities. The will of August 16, 1879, was deposited in the probate court on November 11, 1884. This will also constitutes the relatrix the sole executrix, without bonds, and in its other provisions is substantially like the will of February 1, 1881, except that it does not, like the will of 1881, provide that the interest of relatrix shall cease upon her remarriage.

On November 5, 1884, and at the same time that the will of 1881 was deposited in the probate court, Anson L. Storey presented a petition, alleging that Wilbur F. Storey died intestate, and asking that letters of administration be issued to Austin L. Patterson. With the petition was presented a paper, signed by all the heirs-at-law, relinquishing all rights and preferences which either of them might have to administer, and requesting the appointment of Patterson. The petition for letters of administration was opposed by the relatrix, and she, on November 14, 1884, presented a petition asking the probate of the writing dated February 1, 1881. The court heard the testimony of the subscribing witnesses, and refused to admit the writing to probate as a will, for the reason that the testimony of the subscribing witnesses showed that Wilbur F. Storey was not of sound mind and memory at the time he signed the writing. From the judgment of the court the relatrix on the same day prayed an appeal, which was granted upon her filing an appeal bond within twenty days.

On December 2, 1884, Mary E. Farrand, the sister, prayed an appeal from the judgment, which was allowed on her filing

an appeal bond. On the same day, the relatrix filed her appeal bond, and Mrs. Farrand hers, both of which were approved. Subsequently each of the appellants procured a transcript of the record, and filed the same in the circuit court.

On December 22, 1884, the relatrix presented a petition to the probate court asking the probate of the writing bearing date August 16, 1879. An answer thereto, by Mrs. Farrand, was filed, which was verified by oath. No proof was received of the allegations of either petition or answer. There are some allegations in the petition as to the want of good faith of Mrs. Farrand in prosecuting her appeal, which are denied by her in the answer. Mrs. Farrand moved the court that the proceeding, and reception of proof, be postponed until the disposition of her appeal, or until the further order of the court. After the hearing of counsel the court made the following order:

"It is ordered that the prayer of the petition be refused at the present time, and that the taking of the testimony of the subscribing witnesses be postponed until the further order of this court, for the reason that the appeal of Mary E. Farrand from the order of this court, entered on the 14th day of November, 1884, refusing the probate of the writing of February 1, 1881, purporting to be the last will of Wilbur F. Storey, deceased, is still pending and undetermined in the circuit court of Cook county."

The prayer of the present petition is for a command to the judge to proceed and make a final order upon the probating of the will bearing date August 16, 1879.

Messrs. SWETT, HASKELL & GROSSCUP, for the petitioner:

When the will of August 16, 1879, was presented to the probate court, and an offer made to prove the same as required by law, it became the duty of that court to receive probate thereof without delay. Rev. Stat. 1874, chap. 148, secs. 2, 7.

That court has no power to name conditions other than those found in the statute. *Doran* v. *Mullen,* 78 Ill. 342.

Under the English chancery practice an appeal did not stay the execution of the decree appealed from, unless made so by a special order. Daniell's Ch. Pr. 1467.

Where the statute provides that an appeal shall supersede the decree, the decree remains intact, and its execution only is stayed until the appeal is heard. *Curtis* v. *Root,* 28 Ill. 367.

The stay is limited to the execution of the order appealed from. The order appealed from makes no reference to the prior will, and can not operate to stay proceedings to probate it. *Thompson* v. *Tracy,* 60 N. Y. 31.

*Mandamus* is the appropriate remedy to compel the probate judge to take action upon the will presented, and either to allow or disallow the same without delay. High on Ex. Legal Rem. sec. 152.

To proceed to trial is an executive duty, and may be enforced. *Costello* v. *St. Louis Circuit Court,* 28 Mo. 259; *Brem* v. *Arkansas County Court,* 9 Ark. 240; *Ex parte Cox,* 10 Mo. 742; *Ex parte Bradstreet,* 7 Pet. 634.

Where a cause is continued without a proper showing, *mandamus* lies to compel the court to proceed with the trial. *Dixon* v. *Field,* 10 Ark. 243; *People* v. *Pearson,* 1 Scam. 458; *People* v. *Jameson,* 40 Ill. 93.

*Mandamus* lies to compel all inferior tribunals to perform any duty enjoined on them by law, not involving judicial discretion. *Commonwealth* v. *Hampden,* 2 Pick. 414; *Springfield* v. *Hampden,* 4 id. 68; *Johnson* v. *Randall,* 7 Mass. 340; *Strong* v. *Petitioner,* 20 Pick. 484; *Carpenter* v. *Bristol,* 21 id. 258; *Nelson* v. *Justices,* 1 Coldw. 207.

Admitting a will to probate is a ministerial act. Rev. Stat. chap. 148, secs. 3, 7; *Manus* v. *Givens,* 7 Leigh, 689; *Dawson* v. *Thurston,* 2 Hen. & Munf. 132; *Delaney* v. *Goddin,* 12 Gratt. 266; *Mauer* v. *McCall,* 5 Ga. 522; *Williams* v. *Saund-*

*ers,* 5 Coldw. 60; Moses on Mandamus, 50; *City of Galena* v. *Amy,* 5 Wall. 708; *Ferguson* v. *Hunter,* 2 Gilm. 657.

Messrs. TRUMBULL, WASHBURNE & ROBBINS, and Messrs. DEXTER, HERRICK & ALLEN, also for the petitioner:

Where the probate court declines to proceed in the probate of a will, having no justifiable excuse therefor, *mandamus* lies to compel the court to act. 3 Redfield on Wills, *54; *Rex* v. *Raines,* 1 Ld. Raym. 361; *Justice* v. *Jones,* 1 Barn. K. B. 280.

The appeal of Mrs. Farrand from the order refusing probate of the will of 1881, is prosecuted in bad faith, and therefore should be no obstacle to the probate of the prior will.

The subsequent probate of the will of 1881 on the appeal, would authorize the court in revoking the probate of the prior will; but acts done before such revocation would be sustained. *Morgan* v. *Dodge,* 44 N. H. 258; *Goods of Harris,* 18 W. R. 901; *Bowen* v. *Johnson,* 5 R. I. 118; *Waters* v. *Stickney,* 12 Allen, 1; *Campbell* v. *Logan,* 2 Bradf. 92; *Schultz* v. *Schultz,* 10 Gratt. 358; *Patton's appeal,* 31 Pa. St. 465; 3 Redfield on Wills, *64; Rev. Stat. chap. 3, sec. 29.

Acts done under a will before its revocation, are valid. 3 Redfield on Wills, *120; *Allen*·v. *Dundas,* 3 T. R. 125; *Appeal of Peebles,* 15 S. & R. 40; *Bigelow* v. *Bigelow,* 4 Ohio, 147; *Ragland* v. *Green,* 14 S. & M. 195; *Woods* v. *Nelson,* 9 B. Mon. 601; *Jones* v. *Jones,* 14 id. 379; *Price* v. *Nesbit,* 1 Hill, (S. C.) 445; *Waters* v. *Stickney,* 12 Allen, 1; *Ketterge* v. *Fulsom,* 8 N. H. 98.

*Mandamus* will not direct a court having judicial discretion, how to act, but will direct it to hear and finally dispose of the case. *People* v. *Dental Examiners,* 110 Ill. 185; *People* v. *McCormick,* 106 id. 188; *Rhodes* v. *Craig,* 21 Cal. 421; *People* v. *Scates,* 3 Scam. 351; *People* v. *Pearson,* 1 id. 461; *Avery* v. *Superior Court,* 57 Cal. 249; *Williams* v. *Saunders,* 5 Cold. 82; *Dunphey* v. *Belden,* 57 Cal. 458.

Mr. W. C. Goudy, for the respondent:

Under the present laws, and since the act of 1849, the probate of a will is a judicial act.   But were it not, the decision of the court on a motion to continue or postpone is clearly judicial.   High on Ex. Legal Rem. sec. 168; *People* v. *Superior Court*, 19 Wend. 701.

This court has repeatedly held that where the exercise of a discretion is involved, a writ of *mandamus* will not be allowed. *People* v. *Williams*, 55 Ill. 178; *Village Council* v. *People*, 78 id. 382; *County of St. Clair* v. *People*, 85 id. 396; *Hildreth* v. *Heath*, 1 Bradw. 82; *People* v. *Pearson*, 2 Scam. 189.

The writ will not be allowed for the purpose of correcting errors of the lower court.   It has been refused where it was sought to compel the inferior court to admit certain evidence. It will not be allowed to correct or revise questions of pleading, nor where the court below has acted in a judicial capacity. High on Ex. Legal Rem. secs. 192, 257.

, The writ of *mandamus* is never issued in doubtful cases of any kind.   *People* v. *Village of Crotty*, 93 Ill. 180; *Railroad Co.* v. *County Clerk*, 74 id. 27; *People* v. *Klokke*, 92 id. 130; *People* v. *Davis*, 93 id. 133.

The probate court properly declined to receive proof as to the writing dated August 16, 1879, until the question as to the proof of the writing dated February 1, 1881, should be decided.   The prior contest is a good reason for postponing action.   High on Ex. Legal Rem. sec. 260; *Steward* v. *Eddy*, 7 Mod. 143; *Raine's case*, 5 id. 374; *Lovegrove* v. *Bethel*, 1 Black. 668; *State* v. *Mitchell*, 6 S. C. 703.

Mr. John P. Altgeld, for Mary E. Farrand:

A *mandamus* will not lie against a judge of an inferior court to control his judgment, or to direct a decision either way. It will not be issued where the question decided is one within the discretion of the court.

The probate court has not refused to act in the matter, but, on the contrary, has acted by determining to grant a motion for a postponement of the hearing until further ordered. The application for the postponement was a matter addressed to the sound discretion of the court.

Mr. Justice Sheldon delivered the opinion of the Court:

Stress is laid upon the language of the act in regard to wills, in section 2, chapter 148, of the Revised Statutes of 1874, that when any will shall be exhibited for probate, it shall be the duty of the court to receive probate of the same *without delay*, as being peremptory on the court to proceed at once in receiving probate of a will which is offered for that purpose. No doubt it is the policy of the act that there should be made settlement of the estates of deceased persons at as early a day as practicable. But the language referred to is not to be taken in the sense so literal that the court, on presentation of a will for probate, must *immediately* proceed in the probate thereof. The meaning is no more than that the court shall proceed without unreasonable delay. The courts are vested with more or less discretion as to the order of business before them, and as to advancing or postponing causes. This is recognized in the provision of our Practice act for the keeping of a docket of all the causes pending, and that the causes shall be tried or otherwise disposed in the order they are placed on the docket, unless the court, for good and sufficient cause, shall otherwise direct. And it must be the rule that ordinarily there will not be interference by *mandamus* to direct when another court shall proceed with the hearing of any particular cause.

In the present case there were two writings, of different dates, before the probate court at the same time, each purporting to be the last will and testament of Wilbur F. Storey, the one last in date revoking all former wills. Which one should the court proceed to receive probate of first? Suppose

the relatrix had insisted that the one first in date,—that of
August 16, 1879,—should be first acted upon.    There would
be a case for the exercise of discretion.   And in proceeding
first to receive probate of the last writing, and postponing
until afterward the probating of the first writing, must be
admitted would be a most fit exercise of discretion.   Had the
refusal of probate of the last will remained the final order of
the probate court, then the probating of the first would have
been proceeded with without hindrance.    But such refusal of
probate did not remain a final order, but it was appealed
from, and the matter of probating the last will was still pend-
ing and undetermined.    But, notwithstanding that, the pro-
bate court might have the power to go on now and receive
probate of the first will.   Yet is there not a fair question as
to the propriety of so doing?   It may be thought that the
same reason of fitness which dictated the course of first re-
ceiving probate of the last will and postponing thereto the
probate of the first will, still operates to continue such post-
ponement until there be had a determination of the contro-
versy pending whether the paper last in date be a will or not.
If that shall be found to be the will of the decedent, then
the first will is annulled, and the probating thereof would be
nugatory.    The motion to postpone the hearing as to the first
will, under the circumstances, called for the exercise of the
court's discretion.    It was exercised in making a postpone-
ment until the further order of the court, for the reason of
the pending appeal from the order refusing probate of the
last will.    This is such an exercise of a court's discretion as
we do not feel called upon to interfere with.    There does not
appear to have been any abuse of discretion.    This court has
repeatedly held, that where the exercise of a discretion is in-
volved, a writ of *mandamus* will not be allowed.    (*The People*
v. *Pearson,* 2 Scam. 204; *Village of Glencoe* v. *The People,* 78
Ill. 383; *County of St. Clair* v. *The People,* 85 id. 396; *The
People* v. *Williams,* 55 id. 178.)    In High on Ex. Leg. Rem.

sec. 260, it is laid down: "The existence of other litigation in another forum, affecting the matter which is the foundation of the proceedings in *mandamus,* may sometimes operate as a bar to relief by this extraordinary writ. And it has been refused where it was sought to compel the granting of administration, it being shown that a contest was already pending as to a pretended will of the deceased." And see *The People* v. *Superior Court, etc.* 19 Wend. 701; *Stewart* v. *Eddy,* 7 Mod. 143; *Sir Richard Raines' case,* 5 id. 374; *Lovegrove* v. *Bethell,* 1 Blackstone, 668; *Rex* v. *Hay,* 4 Burr. 2295; *Rex* v. *Bettesworth,* 2 Strange, 1111.

On the part of the relatrix, reference is made to the statement of the law as made in 3 Redfield on Wills, 54: "Where the probate court declines to proceed in the probate of a will, or to give the executor letters testamentary, having no justifiable excuse therefor, the Superior Court, by *mandamus,* will compel the probate court to proceed in the matter." There is here no declining absolutely to proceed, but only at the present time, for what the court deems the justifiable reason, —that there is a proceeding pending for the establishment of a later will,—amounting but to a continuance on motion made therefor. The authority cited should not control in such a case.

A point is made by the relatrix that the probate of a will is a ministerial act, and reference is made to *Ferguson* v. *Hunter,* 2 Gilm. 657, and *Ayers* v. *Clinefelter,* 20 Ill. 473, as so holding. These decisions were under former statutes, and previous to 1849. The statute of 1819 authorized probate of a will to be made before the county commissioners. In 1837 a probate court was created, presided over by a justice of the peace, and the statute declared the probating of a will to be a ministerial act. The present statute has no such provision. A change was made in 1849, establishing the county court a court of record to be held by one judge, the court being vested with all the powers and jurisdiction of the probate court as

then established,—the act declaring that granting letters testamentary or of administration, determining who are entitled to said letters, should be considered as general judicial powers under the act. The constitution of 1870 provided for a county court to be a court of record to be held by one judge, and conferred upon it original jurisdiction in all matters of probate. The constitution also provided for the establishment of a probate court in certain counties, and under this section the probate court of Cook county has been created with an original jurisdiction of all probate matters. In *Duncan* v. *Duncan*, 23 Ill. 364, it was held that parties in interest might contest the validity of a will before the probate court as well as by bill in chancery, and should be allowed to examine the attesting witnesses as well as others. We have no doubt that the court, here, in acting upon the motion for postponement, should be regarded as in the exercise of judicial functions, and that the same doctrine is to be applied as in a case of such kind.

The similarity of the provisions of the two wills, and the fact that the same person is appointed executrix in each, is remarked upon as removing the objection to the immediate probate of the earlier will. This would diminish the inconveniences which would result from the probating of two wills of different dates, but would not entirely obviate the same.

It is insisted that there is a want of good faith on the part of Mrs. Farrand in the prosecution of her appeal from the order refusing probate of the later will,—that it is for her interest that the order should stand and the will not be established, as in the case of intestacy she would come into immediate possession of one-third of the estate. On the hearing before the probate court, on the motion for postponement, such want of good faith was averred on the one side and denied on the other, and in view thereof the court made its decision. The motive for taking the appeal hardly seems to be a proper subject of inquiry. There was the right to

take the appeal, and it was taken, which left the question of the validity of the later will undisposed of and still pending for decision. That there was ground for the taking of an appeal, there is the evidence furnished by the relatrix's action in herself taking an appeal. We can see that it appears to be for the interest of Mrs. Farrand that there should be a case of intestacy,—that there should be no will whatever established; yet, as between the two wills, it is for her interest that the one later in date should be established, rather than the earlier one. She has, at any rate, exercised her right to take an appeal, and her motive in so doing seems hardly inquirable into to do away with the effect of the appeal in its bearing upon the decision of the probate court.

Upon consideration of the whole matter, there is not made to appear, here, the clear right to the writ of *mandamus* which must be shown in order to its allowance, and we are of opinion the demurrer to the answer should be overruled, and that there should be judgment in favor of the defendant, denying the writ.

*Mandamus denied.*