TERRITORY OF DAKOTA, *ex rel.* CHARLES S. WALLACE and JAMES M. MARTIN, as Assignee of DANIEL H. WALLACE, Plaintiff, *v.* GEORGE H. WOODBURY, JULIUS J. EDDY, and DEFOREST C. BUCK, Constituting the Board of County Commissioners of Stutsman County, Dakota Territory, Defendants.

1. **Mandamus; Granting of, to What Extent Discretionary.**

The granting or withholding of the writ of *mandamus* rests in a measure in the discretion of the court, but that discretion may not be capriciously exercised. Where justice will be subserved by temporarily withholding the writ, and injustice might result from its immediate issue, the court will refuse to issue it until a different case can be presented. Judgment against a county having been affirmed by territorial supreme court, and an appeal having been taken to the federal supreme court, but no stay of execution procured, this court, in the exercise of its discretion in *mandamus* cases, will regard the policy of this jurisdiction, that an appeal to a state court by a municipal corporation shall operate as a stay without an undertaking, and in effect give the stay by withholding *mandamus* to compel the levy of a tax to pay the judgment until final decision in the federal supreme court.

(Opinion Filed April 1, 1890.)

*A*PPLICATION for an original writ of *mandamus*.

The case was argued by W. E. Dodge, for relators, and by Jesse A. Frye, states attorney for Stutsman county, for defendants. In the supreme court of the territory of Dakota, briefs had been filed by Dodge & Camp and John S. Watson, for relators, and by Roderick Rose, then district attorney, for the

defendants. The latter contended that the granting of relief by mandamus rests in the discretion of the court; citing 4 Hill 583; 13 Barb. 450; 1 Cow. 501; 2 Johns. 207.

CORLISS, C. J. This proceeding was instituted in the territorial supreme court to compel the defendants to levy a tax to pay a certain judgment recovered against the county of Stutsman. We are not called upon in this case to determine the question of our original jurisdiction of the writs specified in the constitution, or the extent of such jurisdiction, if any. We take this case as the successor of the territorial supreme court. We are not asked to initiate jurisdiction by the writ of *mandamus*. The jurisdiction has already attached, and it is the duty of this court, as the successor of the territorial supreme court, to pass upon the merits of this proceeding. The relators ask for a peremptory writ, admitting the truth of all the facts set forth in the original and amended return, which will control the court in the disposition of this matter. On the other hand, the defendants move to quash the alternative writ. This motion we think should be granted. The writ of *mandamus* is not a writ of right. Its allowance rests in the discretion of the court. That discretion, however, is not to be capriciously exercised. High, Extr. Rem. §§ 6, 9; Devereaux v. City of Brownsville, 29 Fed. Rep. 742–751; People v. Common Council, 78 N. Y. 56–61. If to refuse to issue the writ would result in a denial of justice no court can, in the rightful exercise of discretion, withhold it. But where the temporary denial of the writ will not only not work injustice, but on the other hand will prevent possible irremediable injustice, no court should look merely to the bare question of technical legal right, and ignore the facts presenting a clear case for the exercise of its equitable discretion to withhold the remedy until the granting of it cannot possibly result in ultimate wrong. Said the court in State v. Graves, 19 Md. 351, speaking of *mandamus:* "Not a writ of right, it is granted, not as of course, but only at the discretion of the court to whom the application is made, and this discretion will not be exercised in favor of applicants, unless some just or useful purpose may be answered by the writ." No just purpose would be answered by the issuance of the writ under the facts in this case.

On the contrary, it might result in a wrong which could never be redressed. The judgment of the district court on which this proceeding is founded was on appeal affirmed by the supreme court of the territory, and it is undisputed that an appeal in good faith has been taken from such judgment of affirmance to the federal supreme court, and is now pending in that court. On this second appeal the defendants failed to procure a stay of proceedings to enforce the judgment appealed from, and it is simply for this reason that the plaintiffs in the judgment have even a technical right to the writ. It is well settled that the writ of *mandamus* in this class of cases is a remedy in the nature of an execution for the purpose of collecting the judgment. U. S. v. County Court, 122 U. S. 306, 7 Sup. Ct. Rep. 1171, and cases cited. But it is the policy of this jurisdiction that no security need be given to obtain a stay of execution pending an appeal, where the appellant, as in this case, is a municipal corporation. The reason is obvious. No security on appeal could make the judgment any more secure. There is no danger that the delay in the right to enforce it occasioned by the appeal will lessen the chances of collecting it. Were the pending appeal an appeal to this court, it would of itself stay the execution of the judgment, and be a complete answer to this application. Comp. Laws, § 5229.

Keeping this policy of the law in view, and giving it full effect, as is our duty to do, we hold that while the appeal to the federal supreme court did not operate as a stay to the extent that it did not debar the plaintiffs in the judgment from resorting to any strictly legal process to enforce the judgment, which would issue as a matter of right, (such as a writ of execution,) yet whenever a discretionary process is prayed for (as is the writ of *mandamus*) the policy of this state that a mere appeal in such a case should operate as a stay must control the discretion of the court, and direct its exercise in the line of that policy, in effect giving the stay by withholding the writ pending the appeal. Especially should this be done when the plaintiffs are not thereby placed in any different position from that which they would have occupied had a stay-bond been given, when they run no risk of losing their claim pending the appeal, but when, on

the contrary, the county, should the writ be granted and the amount of the judgment be collected before decision on appeal, might, in case of reversal, find itself without power to compel a restitution of the money paid, because of the insolvency, existing or intervening, of the persons to whom the payment should be made. "Cases may therefore arise where the applicant for relief has an undoubted legal right, for which *mandamus* is the appropriate remedy, but where the court may, in the exercise of a wise judicial discretion, still refuse the relief." High, Extr. Rem. § 9. We do not go so far as this statement of the doctrine would warrant us in going. We merely refuse to grant the writ until the final decision in the federal supreme court. Until that time the right to the writ is in equity imperfect. There is a possibility that the judgment sought to be enforced thereby will be reversed. The equitable defense to this application is that the proceedings are *in fieri*, and the relator's right inchoate, so long as there is an appeal pending. Said the court in Devereaux v. City of Brownsville, 29 Fed. Rep. 742-751: "The court does not grant or refuse the writ upon purely legal considerations. If the defendant has any equitable defense against it he may set it up in his answer to the rule to show cause or alternative writ, and it will authorize the court to refuse the peremptory writ." The alternative writ is quashed, but without prejudice to the right of the parties to apply for a new writ after the final decision of the appeal by the federal supreme court. All concur.