# Bibb *v.* Gaston, Judge of Probate.

## *Mandamus.*

(Decided April 17, 1906. 40 So. Rep. 937.)

1. *Mandamus; Nature of Remedy; Discretion of Court.*—Mandamus is not a writ of right, and its granting or denial rests largely in the discretion of the court. It will not be granted where it would work injustice, or confusion and disorder, or where its issuance would prove unavailing.

2. *Wills; Probate; Hearing; Continuance.*—Where there was a pend-

[Bibb v. Gaston, Judge of Probate.]

ing application for the probate of a prior will, from which application an appeal had been taken, it was proper to continue the hearing of an application to probate a subsequent will of the same party until the former application was disposed of.

APPEAL from Montgomery City Court.

Heard before HON. A. D. SAYRE.

L. K. Boultier died leaving two wills, or at least two wills were produced after his death, one of date June 20, 1905, and one of July 17, 1905. The will of July 17 was filed for probate and on a contest was refused probate. From this judgment refusing probate, an appeal was taken to the supreme court. During the pendency of that appeal, the appellant filed for probate the will of June 20, 1905, and the judge of probate declined to hear said application, for the reason that at the time of its filing there was pending an appeal in the supreme court from a successful contest of the other will. Thereupon appellant filed her petition for mandamus to compel the judge to act on her application for the probate of the will of June 20. From an order declining the petition, this appeal is prosecuted.

GUNTER & GUNTER, for appellant.—The admission of the first will to probate pending the appeal as to the last will, could not possibly produce the least confusion or cause the least damage to any party interested. It would be a plain devastavit on the part of the executors or representatives qualifying under the first will to make any distribution of property while the appeal is pending as to the last will.—*Kelly v. Davies*, 37 Miss. 76. The pendency of such writ of error or appeal in another cause no matter how closely connected with the case for trial could not be successfully pleaded in abatement. It follows that the judge cannot set up such a plea ex mero motu.—*McJilton v. Love*, 13 Ill. 486. The rule governing this case is laid down in the case of *Shields v. Austin*, 4 Ala. 248.

Thus the only orderly mode of procedure in satisfaction of constitutional guarantees ,and in restriction of tyrannical discretions in judges, is to require the judge

[Bibb v. Gaston, Judge of Probate.]

of the probate court to hear the appellant's cause at his earliest convenience consistent with the state of his docket, and entirely irrespective of the pendency of the appeal of Griffin respecting the will rejected as a forgery.

The authorities clearly establish that if there is a capricious whimsical or unreasonable refusal to hear a cause, mandamus will lie.—*Steele v. Donehoo*, 116 Ala. 453; 22 So. Rep. 896; *Ex parte Scudder*, 120 Ala. 25; 25 So. 44; *Ex parte Campbell*, 130 Ala. 184, 30 So. 385; 33 Century Dig. Mandamus, §§ 62, 64, 74; *Ex parte State Bar A.*, 92 Ala. 113; *The State, etc. v. Williams*, 69 Ala. 311; *State, etc. v. Hamil*, 97 Ala. 107.

HILL, HILL & WHITING, for appellee.—The probating of the will of June 20th would cause the greatest confusion. So then mandamus would not lie.—Code, § 467, 19 Am. & Eng. Ency. of Law, (2nd Ed.) 753. The court properly waits to dispose of the will of July 17th before taking up the earlier will.—*Shields v. Austin*, 4 Ala. 248. Mandamus will not lie to compel the court to try a case, that is within the discretion of the court.—*Ex parte Jones*, 66 Ala. 202; *People v. Knickerbocker*, 114 Ill. 539, 1 Brickell Dig. 774, Spelling Extra. Remedies, § 1384; High on Extra Legal Remedies, § 260; *People v. Superior Court*, 19 Wend. 701. Whenever an injustice might be done, the writ of mandamus will not be granted.—*Territory v. Woodbury*, N. W. 1070.

Mandamus will not lie when the proceedings are pending in another court for an adjustment of the questions involved or where the result of such proceedings may render a mandamus fruitless, unnecessary or otherwise improper.—*Commissioner of Highways etc. v. The People*, 99 Ill. 587; *The People v. Newton*, 126 N. Y. 657; (See opinion) *Purdy v. Fitch*, 147 N. W. 362, (See opinion); 19 Am. & Eng. Ency. of Law (2nd Ed.) 756.

The principles involved in the case now before us have been decided in the following cases adversely to the appellant: *Lovegrove v. Bethel*, 1 Blach. 668; *Stewart v. Eddy*, 7 Modern 143; also 5 Modern 374; *Rex v. Hay*, 4 Burrows 2295; *Territory v. Woodbury*, 44 N. W. 1077; High on Extraordinary Remedies, § 260.

The same proposition of law under the same state of facts decided adversely to appellant's contention in the case of *People v. Nickerbocker*, 114 Ill. 539.

HARALSON, J.—"Mandamus is not a writ of right, and the granting or denial of an application for mandamus rests very largely within the discretion of the court. —19 Am. & Eng. Ency. of Law (2d Ed.) p. 75.

"Mandamus, being a discretionary writ, will not be granted, when it would work injustice, or introduce confusion or disorder, or where it would not promote substantial justice."—Id. 753.

"The writ will not issue, except in extraordinary cases, and never, in any case where it is unnecessary, or where, if issued, it would prove unavailing, fruitless and nugatory."—Id. 756.

Two wills of the same testator, L. K. Boultier, one dated the 20th of June, 1905, and the other dated July 17, 1905, were presented for probate. When the one of June 20th, was propounded, a day was set for the hearing, and notice was duly given, and when the latter will was offered for probate, a day was set for the hearing, subsequent to the day set for the first.

In the will of June 20th testator gave his property to appellant, M D. Bibb, as trustee, and by the latter will he gave it to R. May Griffin.

When the day set for the probating of the will of June 20th came, the court continued the case to the day set for hearing the case of the probate of the will of July 17th, and on that day declined to hear the first, until the second case was disposed of, because, as stated in the petition for mandamus, "there was pending before it (the court) the said application of the said R. May Griffin, for the probate of a will of subsequent date, though this motion was made prior to the taking up of said cause of the said R. May Griffin; that the only cause and reason for not proceeding in the trial of your petitioner's case (that of M. D. Bibb) was that a paper writing of subsequent date to the one propounded for probate by petitioner, had been propounded for probate in said court."

[Bibb v. Gaston, Judge of Probate.]

On a contest of the probate of the last will, a verdict and judgment were rendered against the validity of the same, and the proponent appealed the case to this court, where the appeal was pending. The court again refused to proceed to try the case of the probate of the first will, because of said appeal. This application is to require the probate court to proceed to try the case for the probate of the first will.

If the result of the pending appeal and another trial should be to establish the will of the 17th of July, and the court had on motion of the proponent to probate the will of the 20th of June, and the result of that trial had been to probate said will, embarrassing confusion would have resulted, without any profit to any one. The court had a discretion to continue the case of the earlier will, until that of July 17th was disposed of. It would be difficult to conceive of a more striking instance where the discretion of the court could be more properly exercised in the continuance of a cause. Besides, the fact that the court has the legal discretion,—not to be abused, of course,—over the matter of continuance of causes, sometimes it becomes the duty of the court not to proceed with a trial, and of its own motion, even, to suspend proceedings for the time. As was said in *Shields v. Alston*, 4 Ala. 254, "Where a will is exhibited to the orphans' court bearing a later date than one which is offered for probate, and contended to be the last will and testament of the testator, it is the duty of the court to require a contestation of the facts, that it may be understandingly determined which sould be established." To proceed with the trial for the contest of the later will, and postpone the trial for the contest of the earlier will, is compelling a contestation of the facts in a case of that kind in as appropriate form as can be suggested.

The precise question we have before us was determined in a well considered case in Illinois, where it was held,—quoting the second headnote which is apt,— "that the probate court is invested with a reasonable discretion as to advancing or postponing cases, and may properly, in the exercise of such discretion, during the

[Commissioners Court of Chilton County v. State ex rel Southern Ry. Company.]

pendency of an appeal from its order refusing to probate a paper purporting to be a last will, stay and postpone the hearing of an application to probate another paper of a prior date claimed as the will of the same person; and the exercise of such discretion, when not abused, will not be interfered with by mandamus."—*People v. Knickerbocker*, 114 Ill. 539, 2 N. E. 507, 55 Am. Rep. 879; *Commissioners v. Walker*, 99 Ala. 587; *Territory v. Woodberry*, (N. D.) 44 N. W. 1077, and authorities there cited.

There was certainly no abuse of its discretion by the lower court in postponing consideration of the earlier will case, but its discretion appears to have been well and wisely exercised.

Affirmed.

WEAKLEY, C. J., and DOWDELL and DENSON, JJ., concur.