## Ex parte JONES.

### 3 Div. 766.

Court of Appeals of Alabama.
March 26, 1935.

Rehearing Denied May 7, 1935.

Thos. Seay, of Birmingham, for petitioner.

SAMFORD, Judge.

Aside from any other questions presented, the grounds for a new trial filed in the circuit court present no legal reason entitling defendant to the relief prayed in said motion; so that even if the motion had been heard on its merits the result must have been the same.

The matters suggested in the motion may be such as to address themselves to the Board of Pardons, but do not present any legal reason for a new trial.

The writ is denied.

### On Rehearing.

The petitioner was indicted, regularly tried, convicted of grand larceny, and sentenced to a term in the penitentiary. Within thirty days from the judgment on, to wit, December 17, 1934, the defendant, acting through an attorney learned in the law, filed his motion for a new trial in words and figures as follows, to wit:

"Comes the defendant, by his attorney, Thomas Seay, and moves that this Honorable Court set aside and hold for naught the verdict and the sentence, separately and severally, heretofore entered in this cause, and that defendant be given a new trial in this case, and for grounds for this motion the defendant sets down and assigns the following, viz:

"1. The defendant is and was at the time of the trial penniless and without relatives or friends who were in position to come to his assistance and is ignorant of legal procedure. Being confident of the protection of the Court he went to trial without counsel or witnesses.

"2. Defendant has a good and legal defense to this charge and he will be able to present this defense upon another trial of his case.

"3. An error of law occurred at the trial.

"4. The verdict of the jury and sentence of this Honorable Court work an injustice on this defendant.

"5. Defendant was convicted by mistake.

"6. One of the State's witnesses, to-wit, Johnnie Russell, has been a friend or acquaintance of defendant for about ten years. Said witness together with Charlie McClain, owner of the alleged stolen radio, tried to secure the release of defendant before the preliminary trial was had but was told that it was too late. Said Johnnie Russell, as the State's witness, was frightened and afraid at the trial and for that reason he failed to disclose the entire truth. An intelligent cross-examination of said witness by able counsel would probably have elicited sufficient information to secure an acquittal.

"7. The physical facts in evidence, which are undisputed, are sufficient to arouse a very strong doubt as to the probability of any felonious intent. That is, the radio was pawned by defendant, in defendant's correct name, for a nominal amount and defendant made no effort to hide himself.

"8. The defendant made a mistake and pawned a radio which he thought belonged to Johnnie Russell (the defendant understanding that he had Russell's permission), but the radio belonged to Russell's room mate, Charlie McClain."

This motion was filed in the court trying the case and brought to the attention of the trial judge, who indorsed thereon the following:

"This motion presented this 17th day of December, 1934, and set for hearing the 8th day of January, 1935.

"[Signed] Walter B. Jones, Judge."

On the 8th day of January, 1935, the motion coming on to be heard, the solicitor made a motion to strike on the following grounds:

"1. That the motion was not set down for hearing during the term in which the case was tried.

"2. That the term in which the case was tried had expired on December 22, 1934.

"3. That there was no order continuing the motion to January 8, 1935, shown on the minutes of the court.

"4. That the court had no authority to set the motion for trial at any other term than the term in which the case was tried."

The motion was taken under advisement, and on January 29, 1935, a judgment was entered granting the motion to strike, upon the idea that the court was without power to hear the motion for new trial at that time, by reason of section 6670 of the Code of 1923.

■ In this ruling the court was in error. The motion for new trial was made and filed within thirty days from final judgment and called to the attention of the court, who made thereon an order for a hearing at a future date. We think this is a substantial compliance with the statute. Ex parte Upchurch, 215 Ala. 610, 112 So. 202.

■ But the issuance of the writ of mandamus is a matter of discretion and not a matter of right and should never be issued until it appears that justice requires it. Bibb v. Gaston, 146 Ala. 434, 40 So. 936. It is laid down as a general rule that the writ of mandamus issues only in case of necessity to prevent injustice or great injury. 38 Corpus Juris, 550 (20) C.

In passing upon the petition in this case we have not alone the ruling of the trial judge on the motion of the solicitor to strike the motion for a new trial, but also the motion for a new trial setting forth the grounds for the motion. These are to be passed upon by this court in ascertaining whether the writ of mandamus should issue in a case where it is shown that petitioner had been regularly indicted, tried, convicted, and sentenced, in a court of competent jurisdiction.

■ The presumptions in such a case are all in favor of the regularity and fairness of the judgment, and in order for this court to issue the writ prayed for, the petitioner must show a clear legal right to which he would be entitled should his motion for a new trial be heard before the trial judge, and in considering these things we cannot assume that the trial judge would exercise a discretion in favor of petitioner not authorized by the motion seeking to set aside the verdict of the jury.

■ No one of the grounds, as set out in the motion for a new trial, would entitle petitioner to have the verdict of the jury convicting him of larceny set aside as a matter of legal right.

■ Failing in this, even with the error pointed out, the writ of mandamus will not issue compelling a trial judge to hear a motion for a new trial, which upon the face of the motion itself must on the hearing be denied.

The application is overruled.