THE STATE OF DELAWARE, upon the relation of Robert K. Jones; upon the relation of Harry V. Lyons; upon the relation of Charles H. Grantland; upon the relation of James B. McManus; upon the relation of Elinor W. Wood; upon the relation of Gladys McBride; upon the relation of Robert K. Jones, Harry V. Lyons and Charles H. Grantland, constituting the "Industrial Accident Board" of the State of Delaware, *v.* JAMES W. WISE, Auditor of Accounts, and ERNEST C. BLACKSTONE, Treasurer of the State of Delaware.

410

(*June* 24, 1938.)

LAYTON, C. J., HARRINGTON and RICHARDS, J. J., sitting.

*James R. Morford* for petitioners.

*Daniel F. Wolcott* for respondents.

Superior Court for New Castle County, March Term, 1938.

LAYTON, C. J., delivering the opinion of the Court:

A judgment of ouster in a *quo warranto* proceeding brought to determine title to an office is a self executing judgment requiring no process to place the successful relator in possession of the office; and, in the absence of statute, the efficacy of such judgment of ouster is not suspended by an appeal and the filing of a supersedeas bond. 20 *Ency. Pl. & Pr.* 1244; 17 *Ency. Law & Pr.* 489, 490; 51 *C. J.* 363; 22 *R. C. L.* 728, 729; *People v. Reinberg*, 263 *Ill.* 536, 105 *N. E.* 715, *L. R. A.* 1915E, 401, *Ann. Cas.* 1915C, 343; *Welch v. Cook*, 7 *How. Prac.* (*N. Y.*) 282. In *State ex rel. Caldwell v. Wilson*, 121 *N. C.* 425, 480, 28 *S. E.* 554, 61 *Am. St. Rep.* 672, it is said that the successful relator is in full possession of the office, is entitled to exercise its functions and to receive the salary thereto attached.

At the argument, counsel for the respondents admitted that a judgment of ouster is not suspended by appeal; nor was it denied that, by the well established weight of authority, an officer *de jure* cannot recover from the State or other governmental body the emoluments of an office paid by it to a *de facto* officer during the period the *de jure* officer is deprived of his office. 46 *C. J.* 1028; 22 *R. C. L.* 543; note to *Nebraska ex rel. Greeley County v. Milne*, 19 *L. R. A.* 689; note to *Commissioners of El Paso County v. Rhode et al.*, 16 *L. R. A.* (*N. S.*) 794; note to *Stearns v. Sims*, 24 *L. R. A.* (*N. S.*) 475; *Ann. Cas.* 1917D, 1137; and see dictum in *Lee v. Mayor & Council of Wilmington*, 1 *Marv.* 65, 40 *A.* 663. It was admitted also that, at common law, a *de jure* officer, in a proper case, upon establishing title to the office, could recover the emoluments of the office from a *de facto* officer who had received them. 46 *C. J.* 1029; 22 *R. C. L.* 545.

The petitioners, therefore, urge that the petitioners have shown a clear legal right to have paid to them the

several amounts of money alleged in the petitions, and that it would be an abuse of discretion for the Court to refuse to direct the issuance of the writs as prayed for. The sole question at issue then is with respect to the discretionary power of the Court.

In this State, mandamus is a prerogative writ in the supervisory sense, issuable not of course, but only in the exercise of a sound judicial discretion. *McCoy et al. v. State,* 2 *Marv.* 543, 36 *A.* 81, 87. It was a remedial process introduced to prevent disorder from a failure of justice and defect of police. *State v. Wilmington Bridge Co.,* 3 *Harr.* 312. Generally, it is agreed that the process is awarded upon equitable principles, *U. S. v. Lane,* 249 *U. S.* 367, 39 *S. Ct.* 293, 63 *L. Ed.* 650; and, it has been said that every mandamus, in a manner, seeks the aid of equity, and although it is an extraordinary legal remedy, it is in the nature of an equitable interference supplementing the deficiencies of the common law. *Lien v. Savings, L. & T. Co.,* 43 *N. D.* 260, 174 *N. W.* 621; *Potomac Oil Co. v. Dye,* 10 *Cal. App.* 534, 102 *P.* 677.

The discretion to be exercised by the Court is not an arbitrary or capricious discretion, but a sound, judicial discretion for the prevention of palpable injustice. The Court is not compelled, as of course, to allow the writ merely upon a showing of a clear legal right for which mandamus would be an appropriate remedy; but in the exercise of its discretion the Court may and should consider a wide variety of circumstances in determining whether the writ should issue. Regard should be had for the exigency which calls for the exercise of the discretion, the interests of the public and of third persons, the nature and extent of the wrong or injury which would follow upon a refusal of the writ, and the promotion of substantial justice. *State v. Fields,* 218 *Mo. App.* 155, 263 *S. W.* 853; *New York Mortg. Co. v. Secretary of State,* 150 *Mich.* 197, 114 *N. W.* 82;

*Bibb v. Gaston,* 146 *Ala.* 434, 40 *So.* 936; *Territory ex rel. Wallace v. Woodbury,* 1 *N. D.* 85, 44 *N. W.* 1077; 38 *C. J.* 549; 18 *R. C. L.* 138; 19 *Am. & Eng. Ency. Law* (*2nd Ed.*) 753.

The petitioners, Jones, Lyons, and Grantland, of course, knew of the statutory provision (*Sec.* 6093, *Rev. Code,* 1935) which, *prima facie,* confers upon the Governor the power to remove members of the Board with or without cause. The possibility that their removal from office might be attempted or accomplished, and that litigation over their right to receive the salaries attached to the office and reimbursement for their expenses incurred in the performance of their official duties, was reasonably to be anticipated by them, especially if the political complexion of the state government should change. That event happened. Their removal from office was attempted. They resisted, and were sustained by this Court; but a writ of error was taken, and the question will be determined by the Supreme Court.

There is a certain plausibility to the argument, that as the petitioners were entitled to question the lawfulness of their attempted removal from office, as they were upheld in their contention, and as they have never ceased to exercise the functions of their offices, and have served the public, they have shown a clear legal right to the relief sought, a denial of which would work upon them an unjustifiable hardship, and would constitute an abuse of discretion.

The hardship, if in the circumstances it can be so called, is one that was reasonably foreseeable. They have suffered the pinch of circumstances since the Summer of 1937, and a further short delay will not add much to the burden. The public interest has not suffered, nor is there a suggestion that it will suffer pending final disposition of the writ of error by the Supreme Court. The *de jure* members of the Board should receive the emoluments of the offices. The interests of the contesting members of the

Board should not be entirely ignored pending action by the Supreme Court; and, in the circumstances shown, it is not, we think, a sufficient answer to say that, in the event of a reversal of the judgment, they may seek the recovery of the amounts of the emoluments of the offices from the petitioners. Upon careful consideration the conclusion has been reached that the exigency of the case does not demand the allowance of the writs, but that substantial justice will be better served by refusing their allowance.

With respect to the petitions of the acting members of the Board, the judgment of the Court is that the writs of mandamus will not issue to the respondent, Wise, Auditor of Accounts, and, with respect to the respondent, Blackstone, Treasurer of the State, they are dismissed.

The petitions of McManus, Wood, McBride and of the Industrial Accident Board stand upon a different footing. The Board is authorized by the Act creating it to appoint a Secretary, and such other clerical and other assistants, as may be thought necessary. The petition of McManus avers that he is the duly selected, qualified and acting Secretary of the Board, and that, pursuant to the statutory authority, the Board also employed him as Inspector of Insurance. The answer denies the status of the petitioner, and asserts that until the Supreme Court finally determines the status of the Board, the respondent, State Auditor, cannot definitely ascertain who constitute the Board with authority to employ a Secretary and Inspector of Insurance. The answer suggests by inference that the petitioner holds his employments under a dubious title or authority as the petitioner would not have been continued in his employments had the judgment in the *quo warranto* proceedings been in favor of the respondents. The Court, however, is not concerned with what the Board, differently constituted, might have done. What is of importance is that the answer does not deny that the petitioner was duly appointed Secretary of the Board

and employed as Inspector of Insurance, or that he has, all the while, served the State by the performance of the duties incident to his employments; nor does it appear by the answer, or otherwise, that the petitioner has been removed from his employments, or that his removal has been attempted, or that the contesting members of the Board have assumed to attempt his removal directly, or by the appointment of another in his stead. There is no other person, therefore, claiming the right to the emoluments of these employments.

From the record before the Court, the petitioner, McManus, is the duly constituted Secretary of the Board and its Inspector of Insurance, with the full right to exercise the functions of the employments and to receive the emoluments thereof, and to be reimbursed for his outlays and expenses, until his employments shall be determined.

What has been said with respect to the petition of McManus applies with equal force to the petitions of Wood, McBride and of the Board with respect to expenses incurred by it. The Board has exercised its functions. Its decisions have been respected. The State has been served. Elementary justice demands that the stenographers employed by the acting Board be paid the amount of their wage, and that the engagements of the Board with third persons be respected. It is not suggested that the wage of the stenographers is exorbitant, or that they have failed in the performance of their duties; nor is it intimated that the expenses incurred by the Board were unnecessary or unreasonable in amount. It would be grossly unjust to withhold payment of the several amounts.

Accordingly, it is the judgment of the Court that the several writs of mandamus as prayed for in the petitions of McManus, Wood, McBride and of the Industrial Accident Board, issue to the respondent Wise, Auditor of the State, commanding him forthwith to approve for payment the ac-

counts for salaries, outlays and expenses as alleged in the several petitions; and that he, from time to time, approve for payment bills rendered for the salaries of the petitioner, McManus, as Secretary of the Board and as Inspector of Insurance, his necessary outlays and travelling expenses as certified and approved by the Board while he remains as Secretary of the Board and Inspector of Insurance; and that he approve forthwith for payment the several accounts alleged in the petition of the Industrial Accident Board, for rent, telephone service, stationery, books, office supplies, laundry service and stenographic services; and that he, from time to time, approve for payment all items of expense of the Industrial Accident Board which it may certify and approve according to law.

It will be assumed that the respondent, Blackstone, as Treasurer of the State, will promptly pay the accounts for salaries, expenses and outlays of McManus, Wood, McBride, and expenses incurred by the Board which have been directed to be approved for payment by the Auditor of the State. With respect to this respondent, writs of mandamus will not issue. The petitions, however, will not be dismissed, but will remain subject to further disposition by the Court.