JAMES M. REESE, CLIFFORD PRYOR, WILLIAM E. SAVERY, Individually and as Constiuting the Bureau of Registration for New Castle County; and EDWIN W. HUTCHISON, Plaintiffs, v. JOHN J. HARTNETT, S. GILBERT PIERCE and GEORGE R. CLARK, Constituting the Levy Court of New Castle County, Original Defendants, and WAYNE C. BREWER, JOHN W. FOREMAN, CHRISTOPHER S. GLOVER, ROBERT A. GROVES, T. MUNCEY KEITH, LEON H. RYAN, SIGMUND SCHORR, WALTER J. SCOTT and WILLIAM O. WINGATE, Claiming to Constitute the Bureau of Registration for New Castle County; and THOMAS M. ADAMSON, Additional Defendants.

PETITION OF WAYNE C. BREWER, as President of the Bureau of Registration, for Further Relief.

(*May* 9, 1950.)

CAREY, J., sitting.

*P. Warren Green* for the petitioner.

*Abraham Hoffman* for the Levy Court of New Castle County.

Superior Court for New Castle County, No. 132, Civil Action, 1950.

CAREY, J..:

The question posed by the pending motion is whether the petition makes out a proper case for relief. For present purposes the allegations in the petition must be taken as true.

Counsel for the Levy Court suggests three reasons why relief should not be granted: (1) the impropriety, in a declaratory judgment case, of entering an executory order in favor of one defendant against another defendant; (2) the pendency of the writ of error: (3) the failure to allege that the County Comptroller has approved the bills.

The first objection is answered by the Declaratory Judgments Act itself. The second paragraph of that act reads as follows: "Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on

reasonable notice, require any adverse party, whose rights have been adjudicated by the declaration, to show cause why further relief should not be granted forthwith." 46 Del. Laws, c. 269.

The statute permits relief as between adverse parties. To grant it only in favor of a plaintiff against a defendant, or vice versa, in a three-party suit would constitute an interpretative restriction unwarranted by anything in the act and in fact contrary to its purposes. The Levy Court and the additional defendants are adverse parties within the meaning of the statute.

In support of the second objection, *Blaustein* v. *Standard Oil Co.,* 4 *Terry* 238, 45 *A.* 2d 533, is cited. In that case, the Superior Court had decided to quash a writ of foreign attachment, but upon timely application granted a stay of the operation of its order pending prosecution of a writ of error. The Court pointed out that a writ of error alone does not operate as a stay or supersedeas in this State, but that there exists in the Court an inherent discretionary power to grant a reasonable stay, if necessary to do substantial justice between the parties. The situation in that case demanded the exercise of its discretionary power, in the opinion of the Court, to prevent gross injustice to the plaintiff should the order be reversed.

In the present instance, I understand counsel to agree that no constitutional or statutory provision exists in Delaware providing for a supersedeas in this type of case. The order heretofore entered has precisely the same effect as a judgment in quo warranto proceedings. It is a self-executing decree which is not suspended by an appeal and the filing of a supersedeas bond. *State ex rel. Jones* v. *Wise,* 9 *W. W. Harr.* 409, 200 *A.* 418. Its efficacy could, no doubt, be stayed pending appeal by applying the theory announced in the Blaustein case. It must be remembered, however, that this theory is only applied when necessary "to do exact or substantial justice between the parties." [4 Terry 238,

45 A. 2d 535] Moreover, it should be kept in mind that the Blaustein case involved no great pressing public interest, in contrast to the present matter.

The only indication of hardship upon the Levy Court, which might tend to sway this Court's discretion in its favor, is the suggested possibility of its being required to make double payment of these salaries and expenses, if the existing order should be reversed. Assuming the truth of the present allegations, it is hard to see how any such possibility exists in reality. The various expenses listed are of such a nature that they cannot be incurred twice. The salaries sought are due to employees[1] who actually have done and are doing work for the Bureau. This portion of the argument is controlled by the case of *State* v. *Wise, supra*. That action was in mandamus following a prior quo warranto proceeding which was then pending on appeal. The similarity in the two cases is striking, except that the public interest in the present one is probably even greater than in the Wise case. No argument is needed to demonstrate the necessity for the work of the Bureau to proceed promptly. Registration of voters is a vital part of our election system; this being a year of a general election, the work of the Bureau should not be held up for a final determination by the Supreme Court of the appeal herein. The work cannot be carried on unless the Bureau's expenses and the salaries of its employees are paid in due season. If discretion is to be exercised, fairness to the individuals concerned favors the granting of relief; real public necessity demands it.

In connection with the third contention, it has been pointed out that the Comptroller is charged with a statutory duty of auditing and approving or disapproving all bills and vouchers prior to approval by the Levy Court, although this body may override

---

1. In this category falls the Secretary, who is merely an employee. *State ex rel. Green* v. *Glenn,* 9 *W. W. Harr.* 584, 4 *A. 2d* 366.

his approval or disapproval. It is urged, first, that approval by, or at least submission to, him is a necessary prerequisite to payment, and that the petition's silence in this particular is a vital defect; and, secondly, that, since the Comptroller is not a party, any order of this Court will not be binding upon him, and an order requiring the Levy Court to pay the bills would circumvent the statutory requirement mentioned above.

█ There is no need to dceide this argument at the present stage of the case. The petition can be dismissed only if it fails entirely to show any ground for relief. Its allegations being admitted for the purposes of this motion, it does show a cause for some relief regardless of any power or duty of the Comptroller. It avers that the Secretary of the Bureau was actually paid his salary until January 24, 1950, when the "Levy Court removed his name from its payroll". It further avers that the Bureau has notified the Levy Court of the employment of the other persons named and the amount of their salaries, and has requested their names to be placed upon the payroll, but that this has not been done. As the Bureau has the power of selecting its own Secretary and employees and of fixing their salaries, and as the petition shows that these appointees have been and are daily performing their duties, an order may be entered against the Levy Court requiring the addition of their names to the payroll of the County. This fact alone would prevent the dismissal of the petition. If and when further relief is granted, an order can be so drawn as not to evade any applicable statutes.

The motion to discharge the rule and to dismiss the petition will be denied.