41 So.2d 570

### Ex parte SMITH.

### SMITH v. PELHAM.
### 1 Div. 371.

Supreme Court of Alabama.
June 23, 1949.

416

Scott & Porter and Edw. P. Turner, of Chatom, for petitioner.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for respondent.

LAWSON, Justice.

This is an original petition to this court for mandamus to compel the Honorable Joe M. Pelham, as Judge of the Circuit Court of the First Judicial Circuit, to entertain, hear, and determine the application of petitioner, Ethel Smith, for probation under the provisions of § 19, Title 42, Code 1940.

We issued rule nisi on May 26, 1949, on a petition on that day filed, which alleged in substance that on April 22, 1947, petitioner was convicted in the circuit court of Washington County of manslaughter in the first degree and as punishment therefor was sentenced to five years imprisonment in the penitentiary; that she appealed to the Court of Appeals, which court reversed the judgment of conviction and ordered the cause remanded for a new trial; that on the petition of the State of Alabama this court granted a writ of certiorari to review the decision and judgment of the Court of Appeals, and on January 20, 1949, this court reversed the judgment of the Court of Appeals and remanded the cause to that court; that thereafter on March 22, 1949, the Court of Appeals, following the decision of this court, rendered a judgment affirming the judgment of conviction; that on that day the Court of Appeals forwarded its certificate of affirmance to the clerk of the circuit court of Washington County; that petitioner had no notice of the fact that the judgment of conviction had been affirmed until April 26, 1949, and that on the following day, April 27, 1949, she filed her petition for probation; that on May 9, 1949, the day on which the hearing on said petition was to be held, the respondent, Honorable Joe M. Pelham, Jr., declined to act on her petition for probation on the sole ground that he did not have jurisdiction thereof, in that the petition had not been filed within fifteen days from the date on which the Court of Appeals had finally affirmed the judgment of conviction and that the petitioner had not surrendered herself within that period of time, as required by § 376, Title 15, Code 1940.

Section 376, Title 15, supra, is as follows: "When the defendant in a case of misdemeanor or felony is sentenced to hard labor or imprisonment, or to the penitentiary, and gives bail pending the appeal, and the judgment of conviction is affirmed or the appeal is dismissed, he is bound by the undertaking of bail to surrender himself to the sheriff, at the county jail, within fifteen days from the date of such affirmance or dismissal; and if he shall fail to do so, the sheriff must indorse the bail bond forfeited and a writ of arrest must be issued by the clerk, and if not executed another must be issued, and so on until the judgment has been executed. If the defendant is taken on such writ, or if he shall surrender himself to the sheriff, the sentence must, without delay, be carried out as if no appeal had been taken."

The demurrer of the respondent to the petition for writ of mandamus is not well taken and is overruled.

The amended answer of the respondent judge, in substance, asserts that the peremptory writ of mandamus should not issue for the following reasons:

(1) That the respondent was without jurisdiction to entertain the petition for probation at the time it was filed and at the time set for the hearing thereof, for the reason that the petitioner was at such times a fugitive from justice in that she had failed to surrender herself within fifteen days after the date on which the judg-

418

ment of conviction was affirmed, as required by § 376, Title 15, supra.

(2) That the petition for probation was not filed within thirty days from the day on which the judgment of conviction was rendered and, therefore, the respondent, under the provisions of § 119, Title 13, Code 1940, was without jurisdiction to entertain the petition. § 119, Title 13, supra, is in pertinent part as follows: "After the lapse of ten days from the rendition of a judgment or decree, the plaintiff may have execution issued thereon, and after the lapse of thirty days from the date on which a judgment or decree was rendered, the court shall lose all power over it, as completely as if the end of the term had been on that day, unless a motion to set aside the judgment or decree, or grant a new trial has been filed and called to the attention of the court, and an order entered continuing it for hearing to a future day; * * * ."

(3) That at the time the petition for mandamus was filed in this court Ethel Smith, the petitioner, was serving her sentence in the penitentiary of this state, having voluntarily surrendered to the prison authorities on May 10, 1949, the day after the respondent declined to act on her petition for probation.

 It is settled that facts well pleaded in the answer or return to the rule nisi in mandamus proceedings, when not controverted, are to be taken as true. Lee v. Cunningham, 234 Ala. 639, 176 So. 477; Ex parte Jones, 246 Ala. 433, 20 So.2d 859. Here, the petitioner has joined issue on the only material averment of fact set out in the answer or return. This she had the right to do under the statute, § 1073, Title 7, Code 1940; Wilson v. Brown, 241 Ala. 178, 1 So.2d 914; Ex parte State ex rel. Atlas Auto Finance Co., 251 Ala. 665; 38 So.2d 560. By evidence introduced here, petitioner has controverted the averment of the answer to the effect that petitioner voluntarily surrendered herself to the prison authorities. We will treat this aspect of the case later.

Title 42, Chapter 2, §§ 19–26, Code 1940, is the codification of the probation statutes of Alabama, duly enacted by the legislature under the authority of Amendment XXX-VIII of the Constitution of 1901.

The circuit courts of this state derive their probationary power from § 19, Title 42, supra, which section is as follows: "Circuit courts and courts of record from whose judgments appeal lies directly to the court of appeals or the supreme court, subject to the provisions and conditions hereinafter provided, may suspend execution of sentence and place on probation any person convicted of crime in any court exercising criminal jurisdiction. The court shall have no power to suspend the execution of sentence imposed upon any person who has been found guilty and whose punishment is fixed at death or imprisonment in the penitentiary for more than ten years; nor in cases in which the defendant previously has been convicted and sentenced in any jurisdiction for the commission of a crime involving moral turpitude. Except in the case hereinabove provided, circuit courts or inferior courts from which an appeal lies directly to the court of appeals or supreme court, after a plea of guilty, or after the returning of a verdict of guilty by the jury, or the rendition of a judgment of guilty by the court may suspend execution of sentence and place the defendant on probation, or may impose a fine within the limits fixed by law and also place the defendant on probation."

 It will be observed that the power to suspend the execution of sentence and to place the convicted person on probation is not expressly limited to the time of imposition of sentence or to any period of time thereafter. On the contrary, it seems clear that it was the intention of the legislature enacting this remedial and humanitarian legislation that the power to suspend the execution of a sentence should continue until its execution has actually commenced.

 The circuit court is not deprived of the power so conferred merely because the petition for probation is not filed within thirty days from the date on which the judgment of conviction was rendered. § 119, Title 13, Code 1940, has no application to petitions for probation. Nor does the

failure of a person who has been convicted and sentenced and who is out on bail pending appeal to surrender himself within fifteen days after the affirmance of the judgment of conviction deprive the circuit court of jurisdiction to entertain a petition for probation filed prior to the time the execution of the sentence is actually begun.

This is the first time this court has been called upon to pass on these questions, but the conclusion here reached finds support in the decisions of the federal courts wherein is construed a statute in many respects similar to § 19, Title 42, supra.

The Supreme Court of the United States having decided in Ex parte United States, 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129, L.R.A.1917E, 1178, Ann.Cas.1917B, 355, that the federal district courts were without power to suspend permanently the imposition or execution of sentence, Congress passed a probation act to enable them to do so. The power was granted in the first section of the act, now codified as § 724, Title 18, United States Code, 1946 Edition, 18 U.S.C.A. § 724 [now § 3651]. Said section as it is pertinent here reads: "The courts of the United States having original jurisdiction of criminal actions, except in the District of Columbia, when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public, as well as the defendant, will be subserved thereby, shall have power, after conviction or after a plea of guilty or nolo contendere for any crime or offense not punishable by death or life imprisonment, to suspend the imposition or execution of sentence and to place the defendant upon probation for such period and upon such terms and conditions as they may deem best; * * *."

It will be noted that as in our statute, § 19, Title 42, Code 1940, the federal statute above quoted fixes a time when the exercise of the probationary power may begin but, also like our statute, there is no limitation in the federal statute that such power shall not be exercised after some other event.

It is established in the federal courts that where one under sentence has entered on service of his sentence, the district court's power to grant probation is terminated. United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309; Cook v. United States, 275 U.S. 516, 48 S.Ct. 86, 72 L.Ed. 402; Trant v. United States, 7 Cir., 90 F.2d 718; United States v. La Shagway, 9 Cir., 95 F.2d 200.

But the rule seems to be that the federal district courts have jurisdiction and power, at any time before the execution of the sentence has acually begun, to suspend the execution of the sentence of imprisonment and to place the convicted person upon probation even though the term at which the judgment was entered had passed and the appellate court had issued its mandate affirming that judgment. Pernatto v. United States, 3 Cir., 107 F.2d 372; Kriebel v. United States, 7 Cir., 10 F.2d 762; Nix v. James, 9 Cir., 7 F.2d 590; Ackerson v. United States, 2 Cir., 15 F.2d 268; Yarbrough v. United States, 5 Cir., 151 F.2d 649; Riggs v. United States, 4 Cir., 14 F.2d 5, certiorari denied 273 U.S. 719, 47 S.Ct. 110, 71 L.Ed. 857.

In Kriebel v. United States, supra, it was pointed out that the rule laid down in United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129, to the effect that a federal district court has no power to set aside or alter a sentence after the expiration of the term at which it was imposed, unless the proceeding for that purpose was begun during that term, does not apply to an application to suspend the execution of a judgment, for the reason that an order suspending the execution of a sentence does not operate to set it aside. Under such circumstances, the sentence remains in full force, its execution merely being suspended.

To like effect are the following decisions: Lloyd v. Superior Court of California, 208 Cal. 622, 283 P. 931; People v. Superior Court, 208 Cal. 692, 284 P. 451; People v. Sidwell, 27 Cal.2d 121, 162 P.2d 913; People ex rel. Woodin, Dist. Atty., v. Ottaway, County Judge, 247 N.Y. 493, 161 N.E. 157.

■ Although Ethel Smith did not surrender herself in accordance with the requirements of § 376, Title 15, Code 1940, she was not arrested prior to the time she filed her petition for probation. At the time the petition was filed she was out on

420

·bail and was not in the legal custody of the sheriff of Washington County or any other officer of the law. She had not begun to serve her sentence.

She did enter the penitentiary of this state on May 10, 1949, the day after the respondent judge refused to entertain her petition for probation, and she was in the .penitentiary at the time this petition for mandamus was filed, although that fact did ·not affirmatively appear in the petition.

As before pointed out, it is generally held that a trial court's authority to suspend sentence and place a person on probation terminates when that person has actually entered on service of his sentence, but we do not think that rule should operate here to prevent Ethel Smith from having the respondent judge act on her application for probation. Her entry into the penitentiary without having her application acted upon, was due to the refusal of the respondent judge to act thereon. After such refusal there was no recourse left to her but to begin the service of her sentence. We have examined with care the evidence as it relates to her entry into the penitentiary and are clear to the conclusion that it was not her voluntary act in the sense that she has waived her right to have her application for probation acted upon.

Petitioner's conduct in failing to surrender herself within the time provided by law is a matter which the learned trial court may consider in determining whether she is entitled to probation, but it does not operate to deprive him of jurisdiction to consider the application.

It may be said in conclusion and without detailed discussion that we are of the opinion that mandamus is the proper form of remedy in a matter of this kind. Lloyd v. Superior Court, supra.

Let the writ of mandamus issue as prayed for.

Peremptory writ of mandamus granted.

FOSTER, SIMPSON, and STAKELY, JJ., concur.