110 So.2d 302

**Ex parte John DAVIS.**

**John DAVIS**

v.

**W. G. HARDWICK, as Special Judge, Circuit Court, Houston County.**

**4 Div. 385.**

Court of Appeals of Alabama.

Jan. 20, 1959.

Rehearing Denied Feb. 24, 1959.

J. Hubert Farmer, Dothan, for petitioner.

John Patterson, Atty. Gen., and Jerry L. Coe, Asst. Atty. Gen., for respondent.

HARWOOD, Presiding Judge.

This proceeding was originally assigned to Judge Cates. The writer being unable to agree with the conclusions reached by Judge Cates has prepared the following opinion, with which Judge Price concurs. The opinion of the writer therefore becomes the opinion of the court.

The pleading and facts forming the basis of the order or judgment of the lower court have been fully set forth in Judge Cates' opinion, and we will not again repeat them.

As we interpret the doctrine of Smith v. Pelham, 252 Ala. 415, 41 So.2d 570, it simply held that the power of the trial court to suspend sentence and grant probation was not limited to any particular time after pronouncement of sentence, but continued until its execution was actually commenced, and the Supreme Court determining that sentence had not commenced, it was held that it was the right of the convict to have her application for suspension of sentence and probation en-

tertained, heard and determined by the respondent judge, and the peremptory writ was ordered, the respondent judge having refused entirely to act on the petition for suspension and probation.

In the present litigation we are considering an entirely different question, that is, whether there is any duty to entertain an application for a rehearing after petitioner's original application for suspension of sentence and probation has been heard, determined, and denied, or more accurately put, whether a positive right to such rehearing can spring from the lower court's denial of an application for a rehearing, even though such denial be based on the erroneous ground that the court did not have jurisdiction to entertain the application for rehearing of the order entered pursuant to the hearing on the original petition for probation.

In Armstrong v. O'Neal, 176 Ala. 611, 58 So. 268, 270, our Supreme Court, through Sayre, J., wrote:

"Where the application is for mandamus, it is essential that the relator have a clear legal right to the thing demanded, and it must be the imperative duty of the respondent to perform the act required." See also Cloe v. State, 209 Ala. 544, 96 So. 704; Ex parte Jones, 26 Ala.App. 414, 161 So. 266; Ex parte Bryant, 38 Ala.App. 127, 78 So.2d 821, and many other authorities stating the above principle to be found in 14 Ala.Dig., Mandamus, ⟐ 10, et seq.

Nowhere in Chapter 2 of Title 42 (Sections 19–26), containing all of the statutory provisions relative to probation, is there any provision for a rehearing after an original petition for suspension of sentence and probation has been entertained and determined.

Ordinarily, in the absence of a statute so providing, there is no inherent right to a rehearing. It follows therefore that no duty devolves upon a court to entertain such an application in the absence of such statutory provision.

This petitioner therefore had no clear legal right to apply for a rehearing of the adverse judgment upon his petition for probation.

■ There not only was no imperative duty upon the respondent to entertain the application, there was no duty whatsoever upon him to do so.

■ We think that the court below had the inherent power to entertain the rehearing, assuming the necessary jurisdictional facts existed, had it so desired.

However, we do not think that the act of the respondent in granting the State's motion to strike the petition for rehearing, even though granted on an erroneous ground, can be deemed to have created a clear legal right, or to have created an imperative duty on the part of the respondent to entertain the application for rehearing. Such right and duty can exist only by force of statute.

Such right and duty being a necessary requirement to the proper issuance of a peremptory writ of mandamus, and being entirely absent, the petition is denied.

Mandamus denied.

CATES, Judge (dissenting).

Davis has asked us to award a writ of mandamus to command the respondent to set aside an order which he made in the Houston Circuit Court September 30, 1958, which reads:

"There being before the Court motion by defendant for a rehearing on Defendant's application for probation and the motion on the part of the Solicitor to strike the same, and the Court having heard the arguments and upon consideration of the same the Court finds:

"That it is without authority to grant a rehearing of Defendant's application for that *the defendant commenced the execution of his sentence when the application for probation was*

*denied* and the sentence was ordered executed. On the happening of this event, *this Court lost jurisdiction of this cause,* therefore,

"It is ordered, adjudged, and decreed that the motion by the Solicitor to strike the motion by defendant for rehearing of defendant's application for probation be, and the same is, hereby granted and said motion is stricken." (Italics added.)

At the time the petition was presented to us, we entertained some doubt as to the propriety of the broad relief sought, inasmuch as the petitioner not only asked to have us set aside the order of September 30, 1958, but also that we require the respondent to reinstate the cause for further consideration.

The Attorney General, appearing for the respondent, has filed, *first,* a motion to strike the petition for mandamus and to quash the rule nisi; and, second, an answer (a) admitting the allegations of facts in the first six paragraphs of the petition, (b) denying the allegation of fact and the correctness of the conclusions of law in paragraphs seven and eight of Davis's petition for mandamus, which read:

"7. That petitioner has not begun serving said three year penitentiary sentence as so affirmed by said Court of Appeals of Alabama; but that he is in the custody of the Sheriff of Houston County, Alabama, being presently incarcerated in the Houston County jail.

"8. Petitioner further alleges that in the light of the above and foregoing allegations of this petition, and considering the broad and humanitarian aims and purposes of the Probation Law of the State of Alabama, as well as the inherent power and authority of the Circuit Court of Houston County, Alabama, the Hon. W. G. Hardwick, special Judge as aforesaid had jurisdiction of petitioner for the purpose of said Probation Law at the time petitioner

filed his said application for a rehearing, at the time said Circuit Solicitor filed the motion on the part of the State of Alabama to strike petitioner's said motion, and at the time said order was made whereby the motion of said Circuit Solicitor was granted and petitioner's motion was stricken; and that said order so striking petitioner's said motion was without foundation or justification in law."

and (c) an affirmative allegation that the circuit court "is without jurisdiction to entertain an application for probation after the defendant has commenced the execution of his sentence and did so *on the date his original application for probation was denied,*" and that "petitioner is not entitled to a rehearing on application for probation." (Italics supplied.)

In brief Davis says, inter alia:

"The Attorney General has misconstrued petitioner's position and contentions in this case.

"It is not insisted that as a matter of law he is entitled to a rehearing by the lower court.

"It is his position and insistence that the trial court may grant him a rehearing if it so wishes. This that court says it has no authority to do. In fact, the Court specifically so stated in the order granting the solicitor's motion to strike.

"It will be conceded by the Attorney General that the Circuit Court has the authority to modify or set aside its orders, judgments, and decrees for a period of 30 days from the date of rendition of the same.

"There can be no exception to this rule, except by statutory exception or prohibition, as I understand the law.

"As I read the Alabama Probation statutory provisions, there is no such exception nor provision.

"It is conceded that there is no authority for a revisory proceeding as a

matter of legal right by the defendant once the trial court has denied his application for probation. * * *"

The case of Smith v. Pelham, 252 Ala. 415, 41 So.2d 570, is the only Alabama decision cited by either party.

The Smith case arose from the refusal of the trial judge to entertain an application for probation because it was not made within the statutory period for an enlarged appellant to surrender himself upon affirmance after appeal, Code 1940, T. 15, § 376.

Here, however, when Davis had lost on appeal,[1] he was afforded a hearing on his probation application and was turned down. Now, if he renews his request for probation, is he due another hearing? Or, even if no hearing is due him, must the trial judge at least read his motion for renewal?

The statute (Code 1940, T. 42, § 19 et seq.) [2] makes no provision for an application or a reapplication under § 19 (though an application is required in convictions in inferior courts—§ 20).

An order granting probation does not set aside the judgment of conviction and sentence, it merely affords an alternative to its execution by penal servitude.

Brickell, C. J., in Kirby v. State, 62 Ala. 51, stated what appears to be the basic premise in this State for ascertaining the time of commencement of a felony (or misdemeanor hard labor) sentence:

"When a convict is sentenced to hard labor for the county, or to imprisonment in the penitentiary, a reasonable time must, of necessity, be allowed for the execution of the sentence, by his delivery to the proper authority of the county, or to the proper authority of the State, to receive him. The length of time depends, of course, on circumstances attending the particular case. During this time it is the duty of the sheriff to keep him safely, and the county jail is the proper place for his custody. Such period of imprisonment is not punishment for the offense of which he has been convicted, as imprisonment preceding conviction can not be so considered. Either and both are merely requirements of the law; in the one case to secure personal presence to answer a criminal accusation; and in the other the execution of the sentence of conviction. * * *"

In Smith v. State, 4 Ala.App. 210, 58 So. 117, it was held, on habeas corpus, that the convict, after a sentence of imprisonment in the penitentiary, was not to be held by the sheriff (the jailer) an unreasonable time after entry of judgment. But this wrongful delay did not confer an absolute discharge: the prisoner should merely be turned over to the penitentiary system.

The Attorney General has cited us certain Federal cases to the effect that a prisoner in custody awaiting transportation to a place of detention has begun the service of his sentence, e. g., Trant v. United States, 7 Cir., 90 F.2d 718. However, the effective date of a sentence is expressly provided for in 18 U.S.C. § 3568:

"The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence.

"If any such person shall be committed to a jail or other place of detention to wait transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.

"No sentence shall prescribe any other method of computing the term. * * *"

Before the enactment of this positive provision, it would seem that the sentence did not begin until the delivery of the prisoner into the hands of the penitentiary au-

---

1. Davis v. State, Ala.App., 104 So.2d 762.

2. I omit reference to amendments as not being here pertinent.

thorities, Hynes v. United States, 7 Cir., 35 F.2d 734. This also comports with what seems to be the New York view as shown in People ex rel. Woodin v. Ottaway, 247 N.Y. 493, 161 N.E. 157. See also the annotation to Oxman v. United States, 8 Cir., 148 F.2d 750, 159 A.L.R. 155.

All members of this court seem to agree that, had this been a review of a judgment which had granted probation on a second or third application entered before the sheriff had turned the convict over to the prison authorities, the fact that the first application was denied would be no bar to the circuit court's taking up a subsequent request so long as the convict was in the custody of the sheriff.

As to the remedy sought, concededly, there is no appeal from this judgment.

By mistakenly denying that he has jurisdiction, the trial judge, in effect, has failed to act. Ample authority to compel setting aside his order is found in Stephenson v. Mansony, 4 Ala. 317, Ex parte State, 51 Ala. 69, and Davis v. McColloch, 191 Ala. 520, 67 So. 701.

Our Constitution (§ 43) contemplates a government of laws and not of men. If the judiciary does not abide by the Rule of Law, can despotism be far away?