213 So.2d 409

**Ex parte James ROBINSON.**

**5 Div. 719.**

Court of Appeals of Alabama.

July 24, 1968.

Russell, Raymon & Russell, Tuskegee, for petitioner.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for respondent.

CATES, Judge.

This is an original petition (ancillary to an appeal from the Macon Circuit Court) asking suspension of sentence and bail pending appeal. We treat this as an application for mandamus.

In view of the Attorney General's acceptance of the facts stated by the attorneys for Robinson, we set out the pertinent excerpts:

"Trial was held on May 1, 1968, and the jury returned a verdict finding the peti-

tioner, James Robinson, guilty of burglary in the second degree. Immediately following the rendition of the verdict the trial judge adjudged the petitioner guilty of burglary in the second degree and sentenced him to four years in the penitentiary. * * * the petitioner made application * * * for probation. Hearing * * * was set for * * * the following morning.

"On May 2, 1968, the trial judge refused to grant the petitioner probation. * * the petitioner [immediately] gave notice of appeal * * * and requested that his sentence be suspended pending his appeal and that the trial court fix the amount of bond. The trial court refused to suspend the petitioner's sentence pending his appeal and refused to set an appeal bond. The trial court, after refusing to suspend the petitioner's sentence pending appeal and refusing to fix the appeal bond, turned the petitioner over to the Sheriff to commence serving his sentence pending his appeal. * * * "

### I.

■ After the adoption of Amendment 38 to the Constitution, circuit courts in felony cases became empowered to suspend sentence and place the convict on probation.

The pertinent part of Code 1940, T. 42, § 19, reads:

"§ 19. Circuit courts * * * subject to the provisions and conditions hereinafter provided, may suspend execution of sentence and place on probation any person convicted of crime in any court exercising criminal jurisdiction. The court shall have no power to suspend the execution of sentence imposed upon any person who has been found guilty and whose punishment is fixed at death or imprisonment in the penitentiary for more than ten years. * * * "

■ In Ex parte Smith, 252 Ala. 415, 41 So.2d 570, it was brought out that this power to suspend sentence is a continuing one until the execution of a sentence actually begins, i. e., up to the very moment of delivery of a convict by the sheriff to the penitentiary agent.

■ In Ex parte Downer, 44 Ala.App. 77, 203 So.2d 132, this court took the view that suspension of a sentence pending an appeal must be asked for at the time that sentence is imposed.

The question here presented is whether or not an application for probation is a waiver of the right to seek suspension at the time of imposition of the sentence so far as an interim suspension pending appeal is available.

We consider that, as an exception to the rule enunciated in *Downer,* a suspension of a sentence within the meaning of Code 1940, T. 15, § 368(a), is available to an appellant who has applied for probation. Until probation is granted or denied, the mode of execution of the sentence lacks judicial definition. Compare Little v. State, 32 Ala.App. 662, 29 So.2d 427 (hn. 1). The pendency of this exception to *Downer* should subsist until he has been formally notified of the denial of his request for probation.

Also, we note that most other circuits do not treat an application for probation as being mutually exclusory of bail on appeal.

■ Accordingly, in the instant appeal, the circuit judge is directed to fix bail pending appeal to this court.

Writ granted.

JOHNSON, J., not sitting.