BLOODWORTH, Justice.
Petition of Charles Herbert Gentry for certiorari to the Court of Criminal Appeals to review and revise the judgment and decision of that court in Ex parte Gentry, 57 Ala.App. -, 333 So.2d 157, wherein a petition for writ of habeas corpus to set bail was denied on May 12, 1976, and rehearing overruled on May 18, 1976.
It would appear that the order of the Court of Criminal Appeals denying bond was made without a consideration of the case of Ex parte Robinson, 44 Ala.App. 469, 213 So.2d 409 (1968), followed in Ex parte Pace, 45 Ala.App. 132, 226 So.2d 676 (1969).
Robinson, supra, held that one who, after conviction for burglary in the second degree and sentence to four years in the pen *158 itentiary, made application for probation which was refused, then appealed and requested suspension of sentence pending appeal and fixing of bond was entitled to have the court fix bond and suspend sentence pending appeal.
Therefore, the provisions of all applicable rules, and specifically Rule 39(f) and (g), ARAP (permitting briefs to be filed and oral argument to be had after petitions for writs of certiorari are granted), are suspended under the provisions of Rule 2(b), ARAP. Pendleton v. State, 295 Ala. 327, 329 So.2d 144 (1976).
The petition for the writ of certiorari is granted and this cause remanded to the Court of Criminal Appeals for a consideration on the merits in accordance with the cases heretofore cited.
WRIT GRANTED.
RULES SUSPENDED.
CAUSE REMANDED TO COURT OF CRIMINAL APPEALS.
HEFLIN, C. J., and FAULKNER, AL-MON and EMBRY, JJ., concur.