BOWEN, Judge.
This is an appeal from a revocation of probation. The record reveals that the defendant began serving his ten year sentence for forgery in the second degree on June 26, 1979. Dailey v. State, 374 So.2d 414 (Ala.Cr.App.1979). On November 2, 1980, the Circuit Court issued the following order:
“The Defendant having moved the Court for the suspension of his sentence and the Court having duly considered said Motion, it is
“ORDERED and ADJUDGED as follows:
“(1) The sentence of the Defendant in the above styled cause is hereby suspended and the Defendant is placed on probation during his good behavior for the balance of his sentence.
“(2) The probation granted herein is subject to further Orders of this Court, if and when, the Board of Corrections places the Defendant on parole.
“(3) The Clerk is directed to send a copy of this Judgment to the Board of Corrections and the Parole Supervisor for this Circuit.”
The Circuit Court had no jurisdiction to suspend the defendant’s sentence and place him on “probation”. Section 15-22-50, Alabama Code 1975. A trial court’s authority to suspend sentence and place a person on probation terminates when that person has actually entered on service of his sentence. Ex parte Smith, 252 Ala. 415, 41 So.2d 570 (1949); Ex parte Robinson, 44 Ala.App. 469, 213 So.2d 409 (1968).
Since the Circuit Court had no jurisdiction, power or authority to order the suspension of sentence and probation of the defendant, the court’s order revoking probation is likewise without authority. Consequently, the judgments of the Circuit Court granting and revoking probation are null and void. The judgment of the Circuit Court is reversed.
REVERSED AND RENDERED.
All Judges concur.