BARRON, Judge.
This is an appeal from the denial of a petition for writ of habeas corpus.
Appellant claims that because of a delay in ruling on his applications for probation, the circuit court either lost, or was estopped from exercising, its jurisdiction over him. The petition arises from the following sequence of events:
October,25, 1974 — Appellant entered a plea of guilty in Etowah Circuit Court to the charge of grand larceny, and was sentenced to imprisonment for a year and a day.
Appellant applied for probation and was continued on the same appearance bond pending the outcome of his application.
September 11, 1978 — Appellant entered pleas of guilty in Etowah Circuit Court to two charges of buying, receiving or concealing stolen property, and was sentenced to terms of two years on each offense, the sentences to run concurrently.
Appellant applied for probation.
April 20,1981 — Appellant received notice of a hearing to determine his applications for probation in all three cases.
April 24, 1981 — The Etowah Circuit Court denied all three applications for probation and ordered appellant committed to the penitentiary.
At the habeas corpus hearing, appellant testified that he was represented by an attorney in all three cases, but that he was never notified by his attorney or anyone else of the outcome of his applications for probation until April 24,1981. He acknowledged that he was aware the applications were pending and that he took no steps to obtain a ruling on them. Appellant added that, during the entire time, except for a four and one-half month period between January and May of 1978 when he was incarcerated in the federal penitentiary, he lived in Etowah County and made no attempt to conceal his whereabouts.
The delay between appellant’s first application for probation and the ruling thereon was approximately six and one-half years. The lapse of time before the ruling on his second application was two years and seven months. The record does not reveal the reason for the delays.
A. LOSS OF JURISDICTION
Appellant contends that the trial court lost jurisdiction to deny his applications for probation because the applications were “continued indefinitely,” and the term of each of his sentences had expired before the denial of probation.
Initially, we note that this appeal does not involve any delay between conviction and sentencing, cf. Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957); Noe v. State, 391 So.2d 151 (Ala.Cr.App.1980); Scaloni v. State, 383 So.2d 586 (Ala.Cr.App.1980), but concerns, instead, a lapse of time between the imposition of and the execution of sentence, see generally Annot., 98 A.L.R.2d 687 (1964).
As a general rule, a court retains jurisdiction over a case “subject only to the appellate authority, until the matter is finally and completely disposed of . . .. ” Allen v. Investor’s Syndicate, 247 Ala. 386, 390, 24 So.2d 909, 912 (1946). The Alabama Code provides that the circuit court retains jurisdiction to enforce its judgment in a criminal case where an appeal is dismissed before the judgment of the appellate court is entered. See § 12-22-133, Code 1975.
“[S]o long as the proceedings in a pending case are in fieri, the court retains jurisdiction and authority to complete the proceedings and render a final judgment disposing of the controversy.” Ex parte Beaird, 217 Ala. 355, 357, 116 So. 367, 368 (1928).
*1129 Although older Alabama cases state that a court retains its jurisdiction over sentencing on an incompleted case so long as the judge continues the matter to a definite time “during the term,” Franks v. State, 28 Ala.App. 132, 179 So. 649 (1938); Corrunker v. State, 19 Ala.App. 500, 98 So. 363 (1923), or “from term to term,” Clanton v. State, 96 Ala. 111, 11 So. 299 (1892), the requirement that a court take action within the term or continue the case to a date certain during a succeeding term, see Wade v. State, 51 Ala.App. 441, 286 So.2d 317 (1973), was based on Article IV, § 144, of the Alabama Constitution of 1901. That section was repealed by the Judicial Article, see Ala. Const. amend. 328 (ratified December 27, 1973), and it is no longer appropriate to speak of the terms of court as jurisdictional barriers to judicial action. In addition, jurisdictional terms of court were impliedly abolished by the predecessor to § 12-11-4, Code 1975, providing that the circuit courts shall be open for judicial proceedings at all times. See Holman v. Baker, 277 Ala. 310, 169 So.2d 429 (1964). Thus, those cases dealing with the propriety of sentences delayed to another term or “continued indefinitely” have no application here.
Likewise, it is incorrect to state that the term of each of appellant’s sentences had expired before the court denied probation on them. Although some Alabama cases have indicated that a prisoner’s sentence continues to run during any time lapse between pronouncement of sentence and actual incarceration, see, e.g., Corporate Authorities of Scottsboro v. Johnson, 121 Ala. 397, 25 So. 809 (1899); Hartley v. State, 50 Ala.App. 414, 279 So.2d 585 (1973), those cases were based on the premise that the day on which a defendant is sentenced counts as the first day of his imprisonment, Corporate Authorities of Scottsboro v. Johnson, supra. Based on that reasoning, if a defendant was mistakenly allowed to remain at large following sentencing, and was then arrested after the time for his sentence had expired, a petition for writ of habeas corpus should have been granted. See Hartley v. State, supra.
In this case, however, it is apparent that the day on which appellant was sentenced cannot count as the first day of his imprisonment. Neither appellant nor the court intended for incarceration to begin until the applications for probation were denied. While pending, the applications tolled the time for appellant’s imprisonment. Thus, the terms of appellant’s sentences could not have expired, since they had not begun.
In our judgment, therefore, the trial court did not lose jurisdiction over the applications because they were continued indefinitely or because they were ruled upon after appellant’s sentences would have expired, had he served them.
Specifically, a court’s jurisdiction to grant probation continues until the defendant has actually begun to serve his sentence. Ex parte Smith, 252 Ala. 415, 41 So.2d 570 (1949); Dailey v. State, 402 So.2d 1117 (Ala.Cr.App.1981); Sparks v. State, 40 Ala.App. 551, 119 So.2d 596, cert. denied, 270 Ala. 488, 119 So.2d 600 (1960).
“It will be observed that the power to suspend the execution of sentence and to place the convicted person on probation is not expressly limited to the time of imposition of sentence or to any period of time thereafter. On the contrary, it seems clear that it was the intention of the legislature enacting this remedial and humanitarian legislation that the power to suspend the execution of a sentence should continue until its execution has actually commenced.”
Ex parte Smith, 252 Ala. at 418, 41 So.2d at 572.
To say that a court’s jurisdiction to deny probation also continues until the execution of a defendant’s sentence presents a practical difficulty. Once an application for probation is made, the defendant will not enter into service of his sentence until the application is denied. In our judgment, the real issue here is not one of jurisdiction to grant or to deny probation, but one of reasonableness of the delay in ruling on the application, regardless of the outcome.
*1130 The standard of reasonableness to review a lapse of time in ruling on an application for probation is found in § 15-22-51, Code 1975: “[A]fter conviction the court may continue the case for such time as may be reasonably necessary to enable the probation officer to make his investigation and report.” Although cases dealing with delayed rulings often speak in terms of the matter “resting in the breast of the court,” Goldsmith v. State, 344 So.2d 793 (Ala.Cr. App.), cert. denied, 344 So.2d 799 (Ala.1977), or being “in fieri” until a decision is rendered, Little v. State, 32 Ala.App. 662, 29 So.2d 427 (1947), the results have depended upon whether the time lapses were reasonable under the circumstances.
B. ESTOPPEL
Appellant claims that the delay here was unreasonable and the court should have been estopped to imprison him “after such a period of time that [he was] led to believe that his sentence [had] been suspended or that he [had] been placed on probation.” While we agree with this contention as a general proposition of law, we do not believe the facts of this case warrant application of the doctrine of estoppel.
Estoppel comes into play when one party is induced to rely to his detriment on the conduct of another party. See Mazer v. Jackson Insurance Agency, 340 So.2d 770 (Ala.1976); Shepard v. State, 347 So.2d 1017 (Ala.Cr.App.1977). In an attempt to determine whether a delay between imposition and execution of sentence is reasonable, Alabama courts have often analyzed the cases in terms of estoppel, finding either that the defendant was precluded from complaining of the time lapse since he caused, consented to, or acquiesced in the delay, see, e.g., Little v. State, supra (defendant requested continuances of his probation hearing), or holding that the State was estopped to insist on the defendant’s incarceration since it had taken previous action inconsistent with a purpose to imprison him, see, e.g., Carter v. State, 339 So.2d 594 (Ala.Cr.App.1976) (when defendant reported to sheriff to begin serving his sentence, sheriff directed him to return home). See also Annot., 98 A.L.R.2d at 704-05.
In the case before us, appellant was neither misled about the status of his probation applications, nor induced to rely to his detriment upon the court’s delayed rulings. Appellant’s testimony that he realized his applications for probation were pending undermines his claim that he was “led to believe his sentence had been suspended, or that' he had been placed on probation.”
“A party who seeks to assert an estoppel must have been ignorant of the truth at the time of the conduct amounting to the representation and at the time when that conduct was acted upon. If he could have ascertained the facts by reasonable diligence, but failed to do so, he may not assert an estoppel since he did not justifiably rely on the other’s representations.”
Union Oil Co. v. Colglazier, 360 So.2d 965, 969 (Ala.1978) (emphasis in original) (citations omitted).
Either appellant was aware that his applications were still pending, or could with reasonable diligence have ascertained that the court had never ruled. In addition, he has shown no prejudice from the delays in completing his cases. Cf. Shepard v. State, supra (where defendant entered plea of guilty to first charge with understanding that second charge would be dropped, State was estopped from prosecuting second charge) (dicta). Under these circumstances, appellant may not assert estoppel against the State. See Union Oil Co. v. Colglazier, supra; Hall v. Gulledge, 277 Ala. 580, 173 So.2d 571 (1965); Shepard v. State, supra.
It is virtually impossible for us to determine the reasonableness of the delays in ruling on the applications for probation, since the record gives us no hint of the cause for the postponements. We nonetheless conclude that even if the delays had been unreasonable, appellant was not prejudiced thereby. The order of the circuit court denying the petition is due to be affirmed.
AFFIRMED.
All the Judges concur.