We granted certiorari to determine the propriety of the action of the Court of Criminal Appeals in denying the State's petition for writs of mandamus and prohibition. This case presents a novel issue and its history requires a somewhat detailed consideration of the facts.
The defendant, Barbara Green, was convicted in Montgomery County Circuit Court on November 16, 1978, of violating the Alabama Uniform Controlled Substances Act. Shortly thereafter, on December 1, 1978, the circuit court entered an order sentencing the defendant to three years' imprisonment and, in addition, denying her probation. The defendant made bond and was free while her sentence was appealed to the Court of Criminal Appeals. That court, on July 29, 1980, 389 So.2d 537, affirmed the defendant's conviction and sentence, and this Court denied the defendant's petition for a writ of certiorari
in that case on October 31, 1980, 389 So.2d 541.
On November 13, 1980, in the Court of Criminal Appeals, the defendant moved for a stay of the judgment in order to remain free on bond while she sought review by the United States Supreme Court. The Court of Criminal Appeals granted that stay only until December 31, 1980, unless it received "proof of the filing of said petition in the United States Supreme Court." Then, on December 31, 1980, there was filed in the Court of Criminal Appeals, a copy, or what purported to be a copy, of a petition for a writ of certiorari in the United States Supreme Court, and on the basis of that copy the Court of Criminal Appeals continued its stay of the judgment of sentence, and the defendant remained free on bond.
Actually, the petition for the writ of certiorari was never filed in the United States Supreme Court. This was learned on *Page 804 
February 5, 1982, whereupon the Court of Criminal Appeals issued its certificate of judgment to the Circuit Court of Montgomery County. On February 16, 1982, the circuit court directed the defendant to surrender in order to begin serving her sentence. Instead of surrendering, however, the defendant moved in circuit court for a delay in the execution and reconsideration of her sentence imposed on December 1, 1978. The circuit court granted this petition, delayed execution of the sentence on several occasions and reconsidered the sentence. At that point, on April 6, 1982, the State of Alabama petitioned the Court of Criminal Appeals for writs of mandamus and prohibition to require the respondent circuit court judge to set aside his orders delaying the execution of and reconsideration of the sentence. It appears that on April 9, 1982, the circuit court suspended the sentence and placed the defendant on probation with certain conditions. One condition required her to serve six months at Tutwiler Prison for women. In due course the State's petition was denied, and its subsequent application for rehearing was overruled, hence this petition to us.
A recapitulation of the events and their dates may be helpful:
1978 — — November 16 Defendant convicted in circuit court.
December 1 Order of circuit court sentencing defendant to three years' imprisonment and denying probation.
1979 — — February 28 Motion for new trial denied.
March 14 Motion for reconsideration denied.
1980 — — July 29 Court of Criminal Appeals affirmed conviction.
October 31 Supreme Court of Alabama denied defendant's petition for a writ of certiorari.
November 13 Defendant's motion for stay of judgment filed in Court of Criminal Appeals; stay granted.
December 31 Copy of purported petition for writ of certiorari
in United States Supreme Court filed in Court of Criminal Appeals, whereupon stay of judgment of sentence was continued in effect.
1982 — — February 5 Court of Criminal Appeals' certificate of judgment issued to Circuit Court of Montgomery County.
February 16 Circuit Court ordered defendant to surrender.
February 19 Defendant's motion to reconsider sentence filed.
April 9 Sentence suspended and probation granted.
At bottom there are two basic legal questions presented:
(1) Whether the circuit court has jurisdiction to reconsider a sentence which has been affirmed on appeal, and
(2) Whether the circuit court has jurisdiction to reconsider a denial of probation long after such a denial has been entered.
We answer the first inquiry in the negative and the second inquiry in the affirmative.
In answer to the first question, we take note of Code of 1975, § 15-17-5, the thirty-day statutory period allowed for filing a motion for new trial, and § 12-22-133, which specifically deals with the jurisdiction retained by the circuit court when a conviction has been appealed, viz.:
 "Where an appeal is taken from the judgment of any . . . circuit court in criminal cases, the trial court retains jurisdiction for the purpose of granting a motion for a new trial and also retains jurisdiction for the purpose of enforcing its judgment where the appeal is dismissed before the judgment of the appellate court is entered."
§ 12-22-133.
In Jones v. State, 55 Ala. App. 466, 316 So.2d 713 (1975), the defendant gave a timely notice of appeal without having made a motion for a new trial. However, after more than three months had elapsed, he withdrew his notice of appeal and applied *Page 805 
for probation. After more than four months had expired since the judgment of conviction, the trial court denied probation but ordered the sentence reduced. On appeal to the Court of Criminal Appeals, that court held that, there having been no motion for a new trial filed within thirty days from the judgment of conviction, the trial court had lost all jurisdiction at the time it attempted to reduce the sentence. To the same effect is the holding in Cooks v. State,55 Ala. App. 538, 317 So.2d 506 (1975), in which, on remand after appeal, the trial court had purported to reduce the term of a sentence nearly two years after it had been imposed. The Court of Criminal Appeals held that the trial court was without jurisdiction to reduce the sentence because the request for the reduction was not made within thirty days of sentencing or by the date when the trial court denied the defendant's motion for a new trial.
The language of Code of 1975, § 12-22-244, strengthens this view on the limitation of the trial court's authority:
 "When the defendant . . . gives bail pending the appeal and the judgment of conviction is affirmed . . . he is bound by the undertaking of bail to surrender himself to the sheriff . . . within 15 days from the date of such affirmance. . . . If the defendant is taken on such writ or if he shall surrender himself to the sheriff, the sentence must, without delay, be carried out as if no appeal had been taken."
We agree with the position taken by the Court of Criminal Appeals in the cited cases. See also Holman v. State,43 Ala. App. 509, 193 So.2d 770 (1966). Those cases, together with the cited statutes, show that the Circuit Court of Montgomery County lost jurisdiction to reconsider the defendant's sentence when the trial court, in February 1979, denied the defendant's motion for a new trial.
Consideration of the second question, however, leads to a contrary result. The defendant was denied probation on December 1, 1978, and the Court of Criminal Appeals' certificate of judgment affirming that conviction was issued on February 5, 1982. The circuit court, however, reconsidered its order thereafter and granted probation on April 9, 1982. Was this action timely?
Historically, neither the courts nor the legislature had the authority to suspend sentences and grant probation. Montgomeryv. State, 231 Ala. 1, 163 So. 365 (1935). In this state, Amendment 38 of the Constitution of 1901 empowered the legislature to "authorize the courts having criminal jurisdiction to suspend sentence and to order probation." Thus the power to exercise probationary authority requires legislative sanction. That sanction presently is found in Code of 1975, § 15-22-50, which, after granting the authority, states further:
 "[T]he court, after a plea of guilty, after the returning of a verdict of guilty by the jury or after the entry of a judgment of guilty by the court, may suspend execution of sentence and place the defendant on probation, or may impose a fine within the limits fixed by law and also place the defendant on probation." (Emphasis added.)
At first glance the language of this statute might suggest that the probationary power of the circuit court is limited to a period of time following proceedings in the trial court. Neither that view nor any other, short of considering the time when execution of the sentence has actually commenced, has heretofore been adopted by this Court. Indeed the predecessor statute to § 15-22-50, then Title 42, § 19, Alabama Code of 1940, with no material difference in language, was construed by this Court in Ex Parte Smith, 252 Ala. 415, 418, 41 So.2d 570
(1949):
 "It will be observed that the power to suspend the execution of sentence and to place the convicted person on probation is not expressly limited to the time of imposition of sentence or to any period of time thereafter. On the contrary, it seems clear that it was the intention of the legislature enacting this remedial and humanitarian legislation that the power to suspend the execution of a sentence should continue until its execution has actually commenced. *Page 806 
 "The circuit court is not deprived of the power so conferred merely because the petition for probation is not filed within thirty days from the date on which the judgment of conviction was rendered. § 119, Title 13, Code 1940, has no application to petitions for probation. Nor does the failure of a person who has been convicted and sentenced and who is out on bail pending appeal to surrender himself within fifteen days after the affirmance of the judgment of conviction deprive the circuit court of jurisdiction to entertain a petition for probation filed prior to the time the execution of the sentence is actually begun."
This position accords with that of the federal courts. 3 Wright, Federal Practice and Procedure, § 529 at 144, n. 14. We believe that Ex Parte Smith, supra, states the correct interpretation of legislative intent on the subject.
It has been shown that the Circuit Court of Montgomery County considered probation anew on the petition for reconsideration, and before the execution of the sentence. Thus that court was within its authority under § 15-22-50.
Although we have held that the trial court's reconsideration of defendant's sentence was without authority, her three-year sentence itself ultimately was unchanged. The condition of the probation, that the defendant serve six months at Tutwiler Prison, did not reduce the sentence itself because at the end of that time a review of conditions was provided for, which could include revocation of probation and service of the remainder of the full term. Therefore, that aspect of this petition became moot. With respect to the probation issue, because the circuit court was within its authority to grant probation, albeit upon a reconsideration, the action of the Court of Criminal Appeals in denying the petition of the State of Alabama was correct. Accordingly, the decision of that Court must be, and it is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.