PER CURIAM.
This is an appeal from the summary denial of a Rule 32, Ala. R.Crim. P., petition for postconviction relief. We affirm.
In 1995, Douglas L. Crouch was convicted of first-degree rape and second-degree kidnapping; the victim was his former wife. He was sentenced to a total of 21 years in prison. The convictions were affirmed on direct appeal. Crouch v. State, 683 So.2d 1073 (Ala.Crim.App.1996) (table), cert, denied, 681 So.2d 648 (Ala.1996) (table).
On February 24, 1998, Crouch filed a timely Rule 32 petition for postconviction relief (“the 1998 petition”). Crouch also requested that the circuit court allow him to proceed informa pawperis. It is undisputed that Crouch was not required to pay a filing fee in regard to the 1998 petition; Crouch maintains, however, that the circuit court never actually ruled on his in forma pauperis request. On March 13, 2000, the circuit court entered an order that ostensibly denied the 1998 petition on the merits.
On July 1, 2003, Crouch again filed a Rule 32 petition (“the 2003 petition”) and again requested that the circuit court allow him to proceed in forma pauperis. In addition to his substantive claims, Crouch argued that the circuit court’s denial of the 1998 petition was void because the circuit court lacked subject-matter jurisdiction. As a result, Crouch argued, the 2003 petition was not truly a new Rule 32 petition, but was instead an amendment to the still pending 1998 petition.
On December 2, 2004, the circuit court summarily dismissed the 2003 petition. *1224 Crouch appealed, and on May 20, 2005, the Court of Criminal Appeals affirmed the circuit court’s judgment in an unpublished memorandum, concluding that the 2003 petition was a new petition and that it was barred because it was filed outside the two-year limitations period of Rule 32.2(c), Ala. R.Crim. P. Crouch v. State, 926 So.2d 1086 (Ala.Crim.App.2005)(table).
The question presented by Crouch’s petition for certiorari review is whether the circuit court was required to accept Crouch’s 2003 petition as an amendment to the 1998 petition. We assume, for the sake of argument and without deciding, that Crouch is correct in three respects: 1) that the circuit court lacked jurisdiction to deny the 1998 petition because it had not ruled on his in forma pauperis request, see Ex paite Chandler, 910 So.2d 763, 764-65 (Ala.2005); 2) that the 1998 petition is still pending; and 3) that the 2003 petition should be treated as a motion for leave to amend the 1998 petition. Nevertheless, even making such assumptions in Crouch’s favor, we affirm the judgment of the Court of Criminal Appeals because the circuit court was within its discretion in denying Crouch leave to amend the 1998 petition.
An amendment to a Rule 32 petition “may be permitted at any stage of the proceedings prior to entry of judgment,” Rule 32.7(b), Ala. R.Crim. P., and “[l]eave to amend shall be freely granted.” Rule 32.7(d), Ala. R.Crim. P. This does not mean, however, that the circuit court must always allow an amendment:
“The right to amend is limited by the trial court’s discretion to refuse to allow an amendment if the trial court finds that the petitioner has unduly delayed filing the amendment or that an amendment unduly prejudices the State....
“... [T]he concepts of ‘undue delay’ and ‘undue prejudice’ ... apply to the trial court’s management of its docket and to the petitioner’s attention to his or her case.”
Ex parte Jenkins, [Ms. 1031313, April 8, 2005] — So.2d —, — (Ala.2005). Crouch filed the 2003 petition more than five years after he filed the 1998 petition, and more than three years after the circuit court entered an order stating that it was denying the 1998 petition. He offers no reason for the delay.
It is well established that an appellate court may affirm the decision of a trial court for any valid reason, even one not presented to or considered by the trial court. Dickinson v. Land Developers Constr. Co., 882 So.2d 291, 307 (Ala.2003). In this case, Crouch’s unexplained five-year delay in requesting leave to amend the 1998 petition constituted “undue delay.” As a result, even assuming without deciding that the 1998 petition was still pending when Crouch filed the 2003 petition, the circuit court was within its discretion to refuse to allow Crouch to amend the 1998 petition, and its order dismissing the 2003 petition was not error. We therefore affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
NABERS, C.J., and SEE, LYONS, HARWOOD, SMITH, BOLIN, and PARKER, JJ., concur.
STUART, J., concurs in the result.