PER CURIAM.
The State of Alabama filed this petition for a writ of mandamus requesting that we direct Judge Brady E. Mendheim to vacate his order granting Branden Wayne Utley’s third request for probation. In May 2011, Utley pleaded guilty to enticing a child and two counts of transmitting obscene material to a child. He was sentenced on July 5, 2011, to concurrent terms of three years’ imprisonment for each count. Probation was denied at that time. On July 22, 2011, Utley filed written notice of appeal. On August 4, 2011, Utley moved for an appeal bond and moved that the court reconsider probation. The court granted an appeal bond, and Utley was released. On August 19, 2011, the circuit court denied Utley’s second request for probation.
On September 29, 2011, this Court dismissed Utley’s appeal on motion of the appellant. See Utley v. State (CR-10-1627, September 29, 2011), — So.3d — (Ala.Crim.App.2011) (table). Utley then filed his third request for probation in the circuit court. On November 4, 2011, Judge Mendheim granted Utley’s request for probation. The State then filed this timely petition for a writ of mandamus.[1]
The State asserts that Judge Men-dheim’s ruling granting probation is void because, it argues, he did not have jurisdiction to issue the order more than 30 days after the sentence had been pronounced and after Utley had started serving his sentence.
The Alabama Supreme Court has held that “[m]andamus will lie to direct a trial court to vacate a void judgment or order.” Ex parte Sealy, L.L.C., 904 So.2d 1230 (Ala.2004). “[A] writ of mandamus is the appropriate remedy by which to order a vacatur of the circuit court’s void order.” Ex parte Scrushy, 940 So.2d 290, 294 (Ala.2006). “[T]here is no limit on the time to begin a proceeding to set aside a void judgment.” Ex parte Full Circle Distri- *416 button, L.L.C., 883 So.2d 638 (Ala.2003). A void judgment has no legal effect on the underlying proceedings and is not appeal-able. Ex parte Chandler, 910 So.2d 763 (Ala.2005). ‘“[A] void court order is a complete nullity.’ Hodges v. Archer, 286 Ala. 457, 459, 241 So.2d 324, 326 (1970). As a nullity, a void judgment has no effect and is subject to attack at any time.” Ex parte Full Circle Distribution, L.L.C., 883 So.2d at 643. See also Ex parte State Dep’t of Human Res., 47 So.3d 823 (Ala.Civ.App.2010). According to State v. Webber, 892 So.2d 869 (Ala.2004), the filing of a petition does not stay the case and the petitioner should move to stay the underlying proceedings when seeking a writ of mandamus in a higher court. The Webber court stated:
“[AJfter the thirty days of retained jurisdiction in the trial court expired ... the trial court lost all jurisdiction and all possibility of reacquiring jurisdiction to vacate the judgment ... and the appellate courts lost all possibility of acquiring appellate jurisdiction to remand the case for the judgment to be vacated.”
892 So.2d at 871. However, neither the circuit court nor this Court can stay a void judgment. Because we hold that Judge Mendheim’s actions were void, the State’s failure to move to stay the underlying proceedings does not deprive this Court of jurisdiction to entertain this petition. “[The] order of [the] trial court is void because that court lacked jurisdiction to issue that order, and the filing of a motion to stay is unnecessary.” Ex parte Tiongson, 765 So.2d 643, 643 (Ala.2000).
Typically, a circuit court retains jurisdiction to modify a sentence for 30 days after the sentence is pronounced.[2] See State v. Monette, 887 So.2d 314 (Ala.Crim.App.2004). However, probation may be granted at any time before “execution of the sentence.” As the Alabama Supreme Court stated in State v. Green, 436 So.2d 803 (Ala.1983):
“Historically, neither the courts nor the legislature had the authority to suspend sentences and grant probation. Montgomery v. State, 231 Ala. 1, 163 So. 365 (1935). In this state, Amendment 38 of the Constitution of 1901 empowered the legislature to ‘authorize the courts having criminal jurisdiction to suspend sentence and to order probation.’ Thus the power to exercise probationary authority requires legislative sanction. That sanction presently is found in Code of Alabama 1975, § 15-22-50, which, after granting the authority, states further:
“ ‘[T]he court, after a plea of guilty, after the returning of a verdict of guilty by the jury or after the entry of a judgment of guilty by the court, may suspend execution of sentence and place the defendant on probation, or may impose a fine within the limits fixed by law and also place the defendant on probation.’ (Emphasis added.)
“At first glance the language of this statute might suggest that the probationary power of the circuit court is limited to a period of time following proceedings in the trial court. Neither that view nor any other, short of considering the time when execution of the sentence has actually commenced, has heretofore been adopted by this Court. Indeed the predecessor statute to § 15-22-50, then Title 42, § 19, Alabama Code of 1940, with no material difference in language, was construed by this Court in Ex Parte Smith, 252 Ala. 415, 418, 41 So.2d 570 (1949):
*417 “ ‘It will be observed that the power to suspend the execution of sentence and to place the convicted person on probation is not expressly limited to the time of imposition of sentence or to any period of time thereafter. On the contrary, it seems clear that it was the intention of the legislature enacting this remedial and humanitarian legislation that the power to suspend the execution of a sentence should continue until its execution has actually commenced.
“‘The circuit court is not deprived of the power so conferred merely because the petition for probation is not filed within thirty days from the date on which the judgment of conviction was rendered. § 119, Title 13, Code 1940, has no application to petitions for probation. Nor does the failure of a person who has been convicted and sentenced and who is out on bail pending appeal to surrender himself within fifteen days after the affir-mance of the judgment of conviction deprive the circuit court of jurisdiction to entertain a petition for probation filed prior to the time the execution of the sentence is actually begun.’
“This position accords with that of the federal courts. 3 Wright, Federal Practice and Procedure, § 529 at 144, n. 14. We believe that Ex Parte Smith, supra, states the correct interpretation of legislative intent on the subject.
“It has been shown that the Circuit Court of Montgomery County considered probation anew on the petition for reconsideration, and before the execution of the sentence. Thus that court was within its authority under § 15-22-50.”
436 So.2d at 805-06.
We have stated the following concerning the execution of sentence: “In Ex parte Smith, 252 Ala. 415, 41 So.2d 570 [ (1949) ] it was brought out that this power to suspend sentence is a continuing one until the execution of a sentence actually begins, i.e., up to the very moment of delivery of a convict by the sheriff to the penitentiary agent.” Ex parte Robinson, 44 Ala.App. 469, 470, 213 So.2d 409, 410 (1968) (emphasis added). “A trial court’s authority to suspend sentence and place a person on probation terminates when that person has actually entered on service of his sentence.” Dailey v. State, 402 So.2d 1117, 1118 (Ala.Crim.App.1981) (emphasis added). “Once an application for probation is made, the defendant will not enter into service of his sentence until the application is denied.” Canada v. State, 429 So.2d 1127, 1129 (Ala.Crim.App.1982) (emphasis added). “ ‘The time for the election to have the execution of sentence suspended is at the time of sentence and not afterward....’” Ex parte Downer, 44 Ala.App. 77, 77, 203 So.2d 132, 132 (1967), quoting Ex parte State ex rel. Coburn, 20 Ala.App. 595, 104 So. 346 (1925).
Here, the documents filed with the State’s mandamus petition show that Utley commenced serving his sentence on July 5, 2011, the day Judge Mendheim pronounced sentence and the day he denied Utley’s first request for probation.[3] Utley did not file a notice of appeal or a request for an appeal bond until several weeks later.[4] Nor did Utley move to stay the execution of his sentence.
*418 To satisfy the prerequisites for the issuance of a writ of mandamus, the petitioner must establish: (1) a clear legal right to the relief sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (8) no adequate remedy at law; and (4) the properly invoked jurisdiction of the reviewing court. See State v. Williams, 679 So.2d 275 (Ala.Crim.App.1996).
The State has satisfied that burden— Judge Mendheim’s ruling granting Utley probation was void because the ruling was entered after Utley began serving his sentence. According to long-established law, this petition for a writ of mandamus is due to be granted. See State v. Green, supra; Canada v. State, supra; Dailey v. State, supra; and Ex parte Robinson, supra. Therefore, Judge Mendheim is directed to set aside his November 4, 2011, order granting Utley’s third request for probation.
PETITION GRANTED; WRIT ISSUED.
WINDOM, P.J., and WELCH, KELLUM, BURKE, and JOINER, JJ, concur.

. This petition was not filed until November 14, 2011. However, the 7th day fell on Veteran’s Day, a State holiday; thus, pursuant to Rule 26(a), Ala. R.App. P., the deadline was extended to the next business day, November 14, 2011, and this petition was timely filed. Ex parte Sharp, 893 So.2d 571 (Ala.2003).

. Utley did file a postjudgment motion on August 4, 2011; however, the motion was denied on August 19, 2011.

. It appears from the documents filed with this Court that Utley was incarcerated at that time.

. Rule 7.2(c)(2), Ala. R.Crim. P., specifically provides that an appeal bond may be granted:
"(i) Upon application for release made concurrently with the filing of a notice of appeal, or
“(ii) If the application for probation is made, upon application for release made at *418 any time before probation has been granted or denied.”
Here, the motion for an appeal bond was not made until after Utley was denied probation.
Nor was the motion for an appeal bond made concurrently with the filing of the notice of appeal.